Gary J. Smith (SBN 141393)
  gsmith@bdlaw.com
Jacob P. Duginski (SBN 316091)
  jduginski@bdlaw.com
BEVERIDGE & DIAMOND P.C.
456 Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 262-4000

Kaitlyn D. Shannon (SBN 296735)
  kshannon@bdlaw.com
BEVERIDGE & DIAMOND, P.C
1900 N Street, N.W., Suite 100
Washington, DC 20036-1661
Telephone: (202) 789-6040
Facsimile: (202) 789-6190

Paul S. Chan (SBN 183406)
  pchan@birdmarella.com
Ariel A. Neuman (SBN 241594)
  aneuman@birdmarella.com
Fanxi Wang (SBN 287584)
  fwang@birdmarella.com
Shoshana E. Bannett (SBN 241977)
  sbannett@birdmarella.com
Alec M. Cronin (SBN 333774)
  acronin@birdmarella.com
BIRD, MARELLA, RHOW,
LINCENBERG DROOKS &
NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Chiquita Canyon, LLC,
Chiquita Canyon, Inc., and Waste
Connections US, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ALEJANDRA SUAREZ. an individual, JUANA SUAREZ, an individual, SEBASTIAN SUKIASYAN, an individual, VICTORIA SUMMER, an individual, MANJULA SYAL, an individual, JUDITH TADENA, an individual, ABIGAIL TALO SIG, an individual, ALEA TALO SIG, an individual, BRYZ TALO SIG, an individual, MAURICE TALO SIG, an individual, MIKAELLA TALO SIG, an individual, ALEXANDER TAN, an individual, ANDRE TAN, an individual, GENEVIEVE TAN, an individual, KARLEE TAN, an individual, JOHN TAVOLIERI, an individual, TERESA TAVOLIERI, an individual, ELLIE TERRANOVA, an individual, JOSEPH TERRANOVA, an individual, KAITLYN TERRANOVA, an individual, MATTHEW TERRANOVA, an individual, MICHELLE TERRANOVA, an individual, JOHN TITUS CLEMONS, an individual, MARILLELY TOCHIHUITL BUENO. an individual,

CASE NO.

[Los Angeles Superior Court Case No. 24STCV15479]

**DECLARATION OF SHOSHANA E. BANNETT IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL**

3971311

1  BADROLMOLOUK TOFANGDAR, an
   individual, WILLIAM TORRES, an
2  individual, ASHTON TRACY, an
   individual, HUNTER TRACY, an
3  individual, OLIVE TRACY, an individual,
   SETH TRACY, an individual, ALMA
4  TREJO, an individual, FELIPE TREJO, an
   individual, TIM TROTTER, an individual,
5  JANET LEE TROTTER, an individual,
   CERMA TRINIDAD, an individual, JOSE
6  TRINIDAD FLETES, an individual,
   LAURA TUREK, an individual,
7  MADYSYN TUREK, an individual,
   MAKAILYN TUREK, an individual,
8  MASON TUREK, an individual,
   ANNABELLE TURLA, an individual,
9  ROMUALDO TURLA, an individual,
   NATALIE TUTTLE, an individual,
10 WANDA TUTTLE, an individual,
   BARRETT TYRRELL, an individual,
11 BRANDON TYRRELL, an individual,
   KAYLA TYRRELL, an individual, MARIE
12 JOSEPHINE UMALI, an individual,
   JOSHUA URIEL OCHOA, an individual,
13 STEPHEN VALENZUELA, an individual,
   MARTHA VANEGAS, an individual,
14 KASSIDY VARGAS, an individual,
   ZENEN VARGAS, an individual, OSCAR
15 VASQUEZ RAMIREZ, an individual, LUIS
   VEGA, an individual, LUCAS VENTURA,
16 an individual, NORLAND VENTURA, an
   individual, ODETH ARIANNA VENTURA,
17 an individual, DAVID VERDIN, an
   individual, GREGORY VIVIT, an
18 individual, MARCELINA VIVIT, an
   individual, DANIELLE VILLEGAS, an
19 individual, JOHN VILLEGAS, an
   individual, JULIA VILLEGAS, an
20 individual, PAM VILLEGAS, an individual,
   PETER VILLEGAS, an individual,
21 NICHOLAS VINCELLI, an individual,
   HEATHER VITALE-RASHTIAN, an
22 individual, MORIAH VORGITCH, an
   individual, STEVEN VORGITCH, an
23 individual, WINONA VORGITCH, an
   individual, BLAKE WALZ, an individual,
24 CALEB WANG, an individual, ELIANA
   WANG, an individual, ELIZABETH
25 WANG, an individual, TIMON WANG, an
   individual, TOBIAS WANG, an individual,
26 AARON WARNER, an individual,
   SAMUEL WARNER, an individual,
27 CATHERINE WEBERHUSCHITT, an
   individual, CHARLES WELDON, an
28 individual, LISA WELDON, an individual,

3971311

2

1  VIRGIL WEVER, an individual,
   ANABELLE WEXLER, an individual,
2  DAVID WHEATON, an individual, LILY
   WHEATON, an individual, JOE
3  WHEELER, an individual, ASHTON
   WHITAKER, an individual, CHRISTIAN
4  WHITAKER, an individual, DASH
   WHITAKER, an individual, JULIE
5  WHITAKER, an individual, WILLIAM
   WHITAKER, an individual, FAIDH
6  WILSIN, an individual, BRITNEY
   WILSON, an individual, JEANNE
7  WILSON, an individual, PAUL WILSON,
   an individual, GRACE WILSON
8  CABRERA, an individual, DIVYA
   WISHARD, an individual, AMANDA
9  WIRT, an individual, RUSSELL WOLFF,
   an individual, AUSTIN WOLFF, an
10 individual, MADELINE WOLFF, an
   individual, WAYLON WOLFF, an
11 individual, WAFE WOLFF, an individual,
   MIRANDA WOLFF, an individual, DAVE
12 WRIGHT, an individual, HYUNSIK
   YOON, an individual, JOSHUA YOON, an
13 individual, RYAN YOON, an individual,
   ACE YZRAEL FRANCO, an individual,
14 ANDREW ZARAKOWSKI, an individual,
   CORRIE ZARAKOWSKI, an individual,
15 EMILY ZARAKOWSKI, an individual,
   BETHANIE ZAZUETA, an individual,
16 LAINIE ZAZUETA, an individual, SCOTT
   ZAZUETA, an individual, PAULA
17 ZEPEDA, an individual, DENA
   ZINGELEWICZ, an individual, PHILLIP
18 ZINGELEWICZ, an individual,
   KRISTOPHER LINCOLN, an individual.
19 JOANN C. LOPEZ, an individual,
   WILLIAM KINSLEY, an individual,
20 SHANE KINSLEY, an individual, SUSAN
   SARRASIN, an individual, JONA
21 STOCKER, an individual, GREGORY
   JONATHAN STOCKER, an individual,
22 MICHAEL SCHEKER, an individual,
   EVELINA GRIGORIAN, an individual,
23 ANDREW SCHEKER, an individual,
   BRENDA GOMEZ, an individual, JOSE
24 FIGUERA, an individual, MARCELA
   FIGUERA, an individual, CAMILA
25 NAVARRO, an individual, ALAN DAVID,
   an individual, TINA DAVID, an individual,
26 VINCENT DAVID, an individual,
   GABRIELLA DAVID, an individual,
27 DOMINICK DAVID, an individual,

28                  Plaintiffs.

1          vs.

2     CHIQUITA CANYON, LLC, a Delaware
3     Limited Liability Company; CHIQUITA
      CANYON, INC., a Delaware Corporation;
4     WASTE CONNECTIONS US, INC., a
      Delaware Corporation; and DOES 1-150,
5     inclusive,

6              Defendants.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **DECLARATION OF SHOSHANA E. BANNETT**

2    I, Shoshana E. Bannett, declare as follows:

3    1.    I am an active member of the Bar of the State of California and Senior

4    Counsel with Bird, Marella, Rhow, Lincenberg, Drooks & Nessim, LLP, attorneys

5    of record for Defendants Chiquita Canyon, LLC, Chiquita Canyon, Inc., and Waste

6    Connections US, Inc. in this action.  I make this declaration in support of

7    Defendants' Notice of Removal filed herewith.  Except for those matters stated on

8    information and belief, I make this declaration based upon personal knowledge and,

9    if called upon to do so, I could and would so testify.

10    2.    On June 28, 2024, Plaintiffs caused to be served on Defendants Waste

11    Connections US, Inc., Chiquita Canyon LLC, and Chiquita Canyon, Inc., the

12    Summons, Civil Case Cover Sheet, Addendum to Civil Case Cover Sheet and

13    Statement of Location, Complaint, Alternative Dispute Resolution (ADR) package,

14    Voluntary Efficient Litigation Stipulations, Order Pursuant to Cal. Civ. Proc.

15    1054(a), and First Amended General Order in the matter of *Alejandra Suarez, et al.*

16    *vs. Chiquita Canyon, LLC, et al*. (Case No. 24STCV15479), filed in the Superior

17    Court of the State of California, County of Los Angeles.

18    3.    Attached hereto as **Exhibit A** are true and correct copies of the

19    Summons served on Defendants Waste Connections US, Inc., Chiquita Canyon

20    LLC, and Chiquita Canyon, Inc.

21    4.    Attached hereto as **Exhibit B** is a true and correct copy of the

22    Complaint served on Defendants Waste Connections US, Inc., Chiquita Canyon

23    LLC, and Chiquita Canyon, Inc.

24    5.    Attached hereto as **Exhibit C** is a true and correct copy of Civil Case

25    Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location,

26    Alternative Dispute Resolution (ADR) package, Voluntary Efficient Litigation

27    Stipulations, Order Pursuant to Cal. Civ. Proc. 1054(a), and First Amended General

28    Order which were served on Defendants Waste Connections US, Inc., Chiquita

1   Canyon LLC, and Chiquita Canyon, Inc.

2       6.      Attached hereto as **Exhibit D** is a true and correct copy of Chiquita

3   Canyon LLC's Statement of Information Limited Liability Company, filed with the

4   California Secretary of State on May 8, 2023.

5       7.      Attached hereto as **Exhibit E** is a true and correct copy of Chiquita

6   Canyon Inc.'s Statement of Information Corporation, filed with the California

7   Secretary of State on May 8, 2023.

8       8.      Attached hereto as **Exhibit F** is a true and correct copy of Waste

9   Connections US, Inc.'s Statement of Information Corporation, filed with the

10  California Secretary of State on May 9, 2023.

11      I declare under penalty of perjury under the laws of the United States of

12  America that the foregoing is true and correct, and that I executed this Declaration

13  on July 29, 2024, at Los Angeles, California.

14

15

16                                              Shoshana E. Bannett

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF SHOSHANA E. BANNETT IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td><strong>FOR COURT USE ONLY</strong><br><em>(SOLO PARA USO DE LA CORTE)</em></td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CHIQUITA CANYON, LLC, a Delaware Limited Liability Company [see attachment for additional Defendants]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Alejandra Suarez, an individual [see attachment for additional Plaintiffs]

**Electronically FILED by
Superior Court of California,
County of Los Angeles
6/24/2024 11:48 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Davis, Deputy Clerk**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Spring Street Courthouse; 312 N. Spring Street, Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):* 24STCV15479 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jackie Kruger, Esq: The Kruger Law Firm, 485 S. Robertson Blvd, Suite 4, Beverly Hills, CA 90211; 310-550-1234

| DATE:<br>*(Fecha)* 06/24/2024 | David W. Slayton, Executive Officer/Clerk of Court | Clerk, by<br>*(Secretario)* E. Davis | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Chiquita Canyon, INc, a Delaware Corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**SUM-200(A)**

| SHORT TITLE:<br>Alejandra Suarez, et al v  Chiquita Canyon, LLC, et al | CASE NUMBER |
|---|---|

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

[ x ] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

JUANA SUAREZ, an individual, SEBASTIAN SUKIASYAN, an individual, VICTORIA SUMMER, an individual, MANJULA SYAL, an individual, JUDITH TADENA, an individual, ABIGAIL TALO SIG, an individual, ALEA TALO SIG, an individual, BRYZ TALO SIG, an individual, MAURICE TALO SIG, an individual, MIKAELLA TALO SIG, an individual, ALEXANDER TAN, an individual, ANDRE TAN, an individual, GENEVIEVE TAN, an individual, KARLEE TAN, an individual, JOHN TAVOLIERI, an individual, TERESA TAVOLIERI, an individual, ELLIE TERRANOVA, an individual, JOSEPH TERRANOVA, an individual, KAITLYN TERRANOVA, an individual, MATTHEW TERRANOVA, an individual, MICHELLE TERRANOVA, an individual, JOHN TITUS CLEMONS, an individual, MARILLELY TOCHIHUITL BUENO, an individual, BADROLMOLOUK TOFANGDAR, an individual, WILLIAM TORRES, an individual, ASHTON TRACY, an individual, HUNTER TRACY, an individual, OLIVE TRACY, an individual, SETH TRACY, an individual, ALMA TREJO, an individual, FELIPE TREJO, an individual, TIM TROTTER, an individual, JANET LEE TROTTER, an individual CERMA TRINIDAD, an individual, JOSE TRINIDAD FLETES, an individual, LAURA TUREK, an individual, MADYSYN TUREK, an individual, MAKAILYN TUREK, an individual, MASON TUREK, an individual, ANNABELLE  TURLA, an individual, ROMUALDO TURLA, an individual, NATALIE TUTTLE, an individual, WANDA TUTTLE, an individual, BARRETT TYRRELL, an individual, BRANDON TYRRELL, an individual, KAYLA TYRRELL, an individual, MARIE JOSEPHINE UMALI, an individual, JOSHUA URIEL OCHOA, an individual, STEPHEN VALENZUELA, an individual, MARTHA VANEGAS, an individual, KASSIDY VARGAS, an individual, ZENEN VARGAS, an individual, OSCAR VASQUEZ RAMIREZ, an individual, LUIS VEGA, an individual, LUCAS VENTURA, an individual, NORLAND VENTURA, an individual, ODETH ARIANNA VENTURA, an individual, DAVID VERDIN, an individual, GREGORY VIVIT, an individual,MARCELINA VIVIT, an individual,DANIELLE VILLEGAS, an individual, JOHN VILLEGAS, an individual, JULIA   VILLEGAS, an individual, PAM VILLEGAS, an individual, PETER VILLEGAS, an individual, NICHOLAS  VINCELLI, an individual, HEATHER VITALE-RASHTIAN, an individual, MORIAH VORGITCH, an individual, STEVEN VORGITCH, an individual, WINONA VORGITCH, an individual, BLAKE WALZ, an individual, CALEB WANG, an individual, ELIANA WANG, an individual, ELIZABETH WANG, an individual, TIMON WANG, an individual, TOBIAS WANG, an individual, AARON WARNER, an individual, SAMUEL WARNER, an individual, CATHERINE WEBER-HUSCHITT, an individual, CHARLES WELDON, an individual, LISA  WELDON, an individual, VIRGIL WEVER, an individual, ANABELLE WEXLER, an individual, DAVID WHEATON, an individual, LILY WHEATON, an individual, JOE WHEELER, an individual, ASHTON WHITAKER, an individual, CHRISTIAN WHITAKER, an individual, DASH WHITAKER, an individual, JULIE WHITAKER, an individual, WILLIAM WHITAKER, an individual, FAIDH WILSIN, an individual, BRITNEY WILSON, an individual, JEANNE WILSON, an individual, PAUL WILSON, an individual, GRACE WILSON CABRERA, an individual, DIVYA WISHARD, an individual, AMANDA WIRT, an individual, RUSSELL WOLFF, an individual AUSTIN WOLFF, an individual MADELINE WOLFF, an individual WAYLON WOLFF, an individual WAFE WOLFF, an individual MIRANDA WOLFF, an individual, DAVE WRIGHT, an individual, HYUNSIK YOON, an individual, JOSHUA YOON, an individual, RYAN YOON, an individual, ACE YZRAEL FRANCO, an individual, ANDREW ZARAKOWSKI, an individual, CORRIE ZARAKOWSKI, an individual, EMILY ZARAKOWSKI, an individual, BETHANIE ZAZUETA, an individual, LAINIE ZAZUETA, an individual, SCOTT ZAZUETA, an individual, PAULA ZEPEDA, an individual, DENA ZINGELEWICZ, an individual, PHILLIP ZINGELEWICZ, an individual, KRISTOPHER LINCOLN, an individual, JOANN C. LOPEZ, an individual, WILLIAM KINSLEY, an individual, SHANE KINSLEY, an individual, SUSAN SARRASIN, an individual, JONA STOCKER, an individual, GREGORY JONATHAN STOCKER, an individual, MICHAEL SCHEKER, an individual, EVELINA GRIGORIAN, an individual, ANDREW SCHEKER, an individual, BRENDA GOMEZ, an individual, JOSE FIGUERA, an individual, MARCELA FIGUERA, an individual, CAMILA NAVARRO, an individual, ALAN DAVID, an individual, TINA DAVID, an individual, VINCENT DAVID, an individual, GABRIELLA DAVID, an individual, DOMINICK DAVID, an individual

Page    1    of    2

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Alejandra Suarez et al v. Chiquita Canyon, LLC, et al | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

Chiquita Canyon, Inc, a Delaware Corporation; Waste Connections US. Inc., a Delaware Corporation; and DOES 1-150, inclusive

Page ___2___ of ___2___

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/24/2024 11:48 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Davis, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CHIQUITA CANYON, LLC, a Delaware Limited Liability Company [see attachment for additional Defendants]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Alejandra Suarez, an individual  [see attachment for additional Plaintiffs]

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Spring Street Courthouse; 312 N. Spring Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*  24STCV15479 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jackie Kruger, Esq: The Kruger Law Firm, 485 S. Robertson Blvd, Suite 4, Beverly Hills, CA 90211; 310-550-1234

| DATE:<br>*(Fecha)* 06/24/2024 | David W. Slayton, Executive Officer/Clerk of Court | Clerk, by<br>*(Secretario)* E. Davis | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Chiquita Canyon, LLC a Delaware Limonte Liability Company
   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev July 1 2009] | **SUMMONS** | Code of Civil Procedure §§ 412 20, 465<br>*www courts ca gov* |

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER |
| --- | --- |
| Alejandra Suarez, et al v. Chiquita Canyon, LLC, et al | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[ x ] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

JUANA SUAREZ, an individual, SEBASTIAN SUKIASYAN, an individual, VICTORIA SUMMER, an individual, MANJULA SYAL, an individual, JUDITH TADENA, an individual, ABIGAIL TALO SIG, an individual, ALEA TALO SIG, an individual, BRYZ TALO SIG, an individual, MAURICE TALO SIG, an individual, MIKAELLA TALO SIG, an individual, ALEXANDER TAN, an individual, ANDRE TAN, an individual, GENEVIEVE TAN, an individual, KARLEE TAN, an individual, JOHN TAVOLIERI, an individual, TERESA TAVOLIERI, an individual, ELLIE TERRANOVA, an individual, JOSEPH TERRANOVA, an individual, KAITLYN TERRANOVA, an individual, MATTHEW TERRANOVA, an individual, MICHELLE TERRANOVA, an individual, JOHN TITUS CLEMONS, an individual, MARILLELY TOCHIHUITL BUENO, an individual, BADROLMOLOUK TOFANGDAR, an individual, WILLIAM TORRES, an individual, ASHTON TRACY, an individual, HUNTER TRACY, an individual, OLIVE TRACY, an individual, SETH TRACY, an individual, ALMA TREJO, an individual, FELIPE TREJO, an individual, TIM TROTTER, an individual, JANET LEE TROTTER, an individual CERMA TRINIDAD, an individual, JOSE TRINIDAD FLETES, an individual, LAURA TUREK, an individual, MADYSYN TUREK, an individual, MAKAILYN TUREK, an individual, MASON TUREK, an individual, ANNABELLE  TURLA, an individual, ROMUALDO TURLA, an individual, NATALIE TUTTLE, an individual, WANDA TUTTLE, an individual, BARRETT TYRRELL, an individual, BRANDON TYRRELL, an individual, KAYLA TYRRELL, an individual, MARIE JOSEPHINE UMALI, an individual, JOSHUA URIEL OCHOA, an individual, STEPHEN VALENZUELA, an individual, MARTHA VANEGAS, an individual, KASSIDY VARGAS, an individual, ZENEN VARGAS, an individual, OSCAR VASQUEZ RAMIREZ, an individual, LUIS VEGA, an individual, LUCAS VENTURA, an individual, NORLAND VENTURA, an individual, ODETH ARIANNA VENTURA, an individual, DAVID VERDIN, an individual, GREGORY VIVIT, an individual,MARCELINA VIVIT, an individual,DANIELLE VILLEGAS, an individual, JOHN VILLEGAS, an individual, JULIA   VILLEGAS, an individual, PAM VILLEGAS, an individual, PETER VILLEGAS, an individual, NICHOLAS VINCELLI, an individual, HEATHER VITALE-RASHTIAN, an individual, MORIAH VORGITCH, an individual, STEVEN VORGITCH, an individual, WINONA VORGITCH, an individual, BLAKE WALZ, an individual, CALEB WANG, an individual, ELIANA WANG, an individual, ELIZABETH WANG, an individual, TIMON WANG, an individual, TOBIAS WANG, an individual, AARON WARNER, an individual, SAMUEL WARNER, an individual, CATHERINE WEBER-HUSCHITT, an individual, CHARLES WELDON, an individual, LISA  WELDON, an individual, VIRGIL WEVER, an individual, ANABELLE WEXLER, an individual, DAVID WHEATON, an individual, LILY WHEATON, an individual, JOE WHEELER, an individual, ASHTON WHITAKER, an individual, CHRISTIAN WHITAKER, an individual, DASH WHITAKER, an individual, JULIE WHITAKER, an individual, WILLIAM WHITAKER, an individual, FAIDH WILSIN, an individual, BRITNEY WILSON, an individual, JEANNE WILSON, an individual, PAUL WILSON, an individual, GRACE WILSON CABRERA, an individual, DIVYA WISHARD, an individual, AMANDA WIRT, an individual, RUSSELL WOLFF, an individual AUSTIN WOLFF, an individual MADELINE WOLFF, an individual WAYLON WOLFF, an individual WAFE WOLFF, an individual MIRANDA WOLFF, an individual, DAVE WRIGHT, an individual, HYUNSIK YOON, an individual, JOSHUA YOON, an individual, RYAN YOON, an individual, ACE YZRAEL FRANCO, an individual, ANDREW ZARAKOWSKI, an individual, CORRIE ZARAKOWSKI, an individual, EMILY ZARAKOWSKI, an individual, BETHANIE ZAZUETA, an individual, LAINIE ZAZUETA, an individual, SCOTT ZAZUETA, an individual, PAULA ZEPEDA, an individual, DENA ZINGELEWICZ, an individual, PHILLIP ZINGELEWICZ, an individual, KRISTOPHER LINCOLN, an individual, JOANN C. LOPEZ, an individual, WILLIAM KINSLEY, an individual, SHANE KINSLEY, an individual, SUSAN SARRASIN, an individual, JONA STOCKER, an individual, GREGORY JONATHAN STOCKER, an individual, MICHAEL SCHEKER, an individual, EVELINA GRIGORIAN, an individual, ANDREW SCHEKER, an individual, BRENDA GOMEZ, an individual, JOSE FIGUERA, an individual, MARCELA FIGUERA, an individual, CAMILA NAVARRO, an individual, ALAN DAVID, an individual, TINA DAVID, an individual, VINCENT DAVID, an individual, GABRIELLA DAVID, an individual, DOMINICK DAVID, an individual

Page __1__ of __2__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Alejandra Suarez et al v. Chiquita Canyon, LLC, et al | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

Chiquita Canyon, Inc, a Delaware Corporation; Waste Connections US. Inc., a Delaware Corporation; and DOES 1-150, inclusive

Page ___2___ of ___2___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/24/2024 11:48 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Davis, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CHIQUITA CANYON, LLC, a Delaware Limited Liability Company [see attachment for additional Defendants]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Alejandra Suarez, an individual  [see attachment for additional Plaintiffs]

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Spring Street Courthouse; 312 N. Spring Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):* 24STCV15479

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jackie Kruger, Esq: The Kruger Law Firm, 485 S. Robertson Blvd, Suite 4, Beverly Hills, CA 90211; 310-550-1234

DATE:
*(Fecha)* 06/24/2024    David W. Slayton, Executive Officer/Clerk of Court    Clerk, by *(Secretario)* E. Davis , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Waste Connections Us, INC, a Delaware Corporation
   under: [X] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1 2009]

**SUMMONS**

Code of Civil Procedure §§ 412 20, 465
*www courts ca gov*

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Alejandra Suarez, et al v  Chiquita Canyon, LLC, et al | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[ x ] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

JUANA SUAREZ, an individual, SEBASTIAN SUKIASYAN, an individual, VICTORIA SUMMER, an individual, MANJULA SYAL, an individual, JUDITH TADENA, an individual, ABIGAIL TALO SIG, an individual, ALEA TALO SIG, an individual, BRYZ TALO SIG, an individual, MAURICE TALO SIG, an individual, MIKAELLA TALO SIG, an individual, ALEXANDER TAN, an individual, ANDRE TAN, an individual, GENEVIEVE TAN, an individual, KARLEE TAN, an individual, JOHN TAVOLIERI, an individual, TERESA TAVOLIERI, an individual, ELLIE TERRANOVA, an individual, JOSEPH TERRANOVA, an individual, KAITLYN TERRANOVA, an individual, MATTHEW TERRANOVA, an individual, MICHELLE TERRANOVA, an individual, JOHN TITUS CLEMONS, an individual, MARILLELY TOCHIHUITL BUENO, an individual, BADROLMOLOUK TOFANGDAR, an individual, WILLIAM TORRES, an individual, ASHTON TRACY, an individual, HUNTER TRACY, an individual, OLIVE TRACY, an individual, SETH TRACY, an individual, ALMA TREJO, an individual, FELIPE TREJO, an individual, TIM TROTTER, an individual, JANET LEE TROTTER, an individual CERMA TRINIDAD, an individual, JOSE TRINIDAD FLETES, an individual, LAURA TUREK, an individual, MADYSYN TUREK, an individual, MAKAILYN TUREK, an individual, MASON TUREK, an individual, ANNABELLE  TURLA, an individual, ROMUALDO TURLA, an individual, NATALIE TUTTLE, an individual, WANDA TUTTLE, an individual, BARRETT TYRRELL, an individual, BRANDON TYRRELL, an individual, KAYLA TYRRELL, an individual, MARIE JOSEPHINE UMALI, an individual, JOSHUA URIEL OCHOA, an individual, STEPHEN VALENZUELA, an individual, MARTHA VANEGAS, an individual, KASSIDY VARGAS, an individual, ZENEN VARGAS, an individual, OSCAR VASQUEZ RAMIREZ, an individual, LUIS VEGA, an individual, LUCAS VENTURA, an individual, NORLAND VENTURA, an individual, ODETH ARIANNA VENTURA, an individual, DAVID VERDIN, an individual, GREGORY VIVIT, an individual,MARCELINA VIVIT, an individual,DANIELLE VILLEGAS, an individual, JOHN VILLEGAS, an individual, JULIA   VILLEGAS, an individual, PAM VILLEGAS, an individual, PETER VILLEGAS, an individual, NICHOLAS  VINCELLI, an individual, HEATHER VITALE-RASHTIAN, an individual, MORIAH VORGITCH, an individual, STEVEN VORGITCH, an individual, WINONA VORGITCH, an individual, BLAKE WALZ, an individual, CALEB WANG, an individual, ELIANA WANG, an individual, ELIZABETH WANG, an individual, TIMON WANG, an individual, TOBIAS WANG, an individual, AARON WARNER, an individual, SAMUEL WARNER, an individual, CATHERINE WEBER-HUSCHITT, an individual, CHARLES WELDON, an individual, LISA  WELDON, an individual, VIRGIL WEVER, an individual, ANABELLE WEXLER, an individual, DAVID WHEATON, an individual, LILY WHEATON, an individual, JOE WHEELER, an individual, ASHTON WHITAKER, an individual, CHRISTIAN WHITAKER, an individual, DASH WHITAKER, an individual, JULIE WHITAKER, an individual, WILLIAM WHITAKER, an individual, FAIDH WILSIN, an individual, BRITNEY WILSON, an individual, JEANNE WILSON, an individual, PAUL WILSON, an individual, GRACE WILSON CABRERA, an individual, DIVYA WISHARD, an individual, AMANDA WIRT, an individual, RUSSELL WOLFF, an individual AUSTIN WOLFF, an individual MADELINE WOLFF, an individual WAYLON WOLFF, an individual WAFE WOLFF, an individual MIRANDA WOLFF, an individual, DAVE WRIGHT, an individual, HYUNSIK YOON, an individual, JOSHUA YOON, an individual, RYAN YOON, an individual, ACE YZRAEL FRANCO, an individual, ANDREW ZARAKOWSKI, an individual, CORRIE ZARAKOWSKI, an individual, EMILY ZARAKOWSKI, an individual, BETHANIE ZAZUETA, an individual, LAINIE ZAZUETA, an individual, SCOTT ZAZUETA, an individual, PAULA ZEPEDA, an individual, DENA ZINGELEWICZ, an individual, PHILLIP ZINGELEWICZ, an individual, KRISTOPHER LINCOLN, an individual, JOANN C. LOPEZ, an individual, WILLIAM KINSLEY, an individual, SHANE KINSLEY, an individual, SUSAN SARRASIN, an individual, JONA STOCKER, an individual, GREGORY JONATHAN STOCKER, an individual, MICHAEL SCHEKER, an individual, EVELINA GRIGORIAN, an individual, ANDREW SCHEKER, an individual, BRENDA GOMEZ, an individual, JOSE FIGUERA, an individual, MARCELA FIGUERA, an individual, CAMILA NAVARRO, an individual, ALAN DAVID, an individual, TINA DAVID, an individual, VINCENT DAVID, an individual, GABRIELLA DAVID, an individual, DOMINICK DAVID, an individual

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev  January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

SUM-200(A)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Alejandra Suarez et al v. Chiquita Canyon, LLC, et al | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

    ☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

Chiquita Canyon, Inc, a Delaware Corporation; Waste Connections US. Inc., a Delaware Corporation; and DOES 1-150, inclusive

Page __2__ of __2__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

EXHIBIT B

Jackie Kruger, State Bar No. 231085
   krugerlaw@thekrugerlawfirm.com
THE KRUGER LAW FIRM
485 S. Robertson Blvd, Suite 4
Beverly Hills, California 90211
Tel:   310-550-1234
Fax:   310-550-6907

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/20/2024 12:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Aguirre, Deputy Clerk

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

ALEJANDRA SUAREZ, an individual, JUANA SUAREZ, an individual, SEBASTIAN SUKIASYAN, an individual, VICTORIA SUMMER, an individual, MANJULA SYAL, an individual, JUDITH TADENA, an individual, ABIGAIL TALO SIG, an individual, ALEA TALO SIG, an individual, BRYZ TALO SIG, an individual, MAURICE TALO SIG, an individual, MIKAELLA TALO SIG, an individual, ALEXANDER TAN, an individual, ANDRE TAN, an individual, GENEVIEVE TAN, an individual, KARLEE TAN, an individual, JOHN TAVOLIERI, an individual, TERESA TAVOLIERI, an individual, ELLIE TERRANOVA, an individual, JOSEPH TERRANOVA, an individual, KAITLYN TERRANOVA, an individual, MATTHEW TERRANOVA, an individual, MICHELLE TERRANOVA, an individual, JOHN TITUS CLEMONS, an individual, MARILLELY TOCHIHUITL BUENO, an individual, BADROLMOLOUK TOFANGDAR, an individual, WILLIAM TORRES, an individual, ASHTON TRACY, an individual, HUNTER TRACY, an individual, OLIVE TRACY, an individual, SETH TRACY, an individual, ALMA TREJO, an individual, FELIPE TREJO, an individual, TIM TROTTER, an individual, JANET LEE TROTTER, an individual, CERMA TRINIDAD, an individual, JOSE TRINIDAD FLETES,

Case No. 24STCV15479

## COMPLAINT FOR DAMAGES

1.   Negligence
2.   Negligence Per Se
3.   Strict Liability for Ultrahazardous Activities
4.   Continuing Private Nuisance
5.   Permanent Private Nuisance
6.   Continuing Public Nuisance
7.   Permanent Public Nuisance
8.   Trespass

## DEMAND FOR JURY TRIAL

1

1  | an individual, LAURA TUREK, an
   | individual, MADYSYN TUREK, an
2  | individual, MAKAILYN TUREK, an
   | individual, MASON TUREK, an
3  | individual, ANNABELLE TURLA, an
   | individual, ROMUALDO TURLA, an
4  | individual, NATALIE TUTTLE, an
   | individual, WANDA TUTTLE, an
5  | individual, BARRETT TYRRELL, an
   | individual, BRANDON TYRRELL, an
6  | individual, KAYLA TYRRELL, an
   | individual, MARIE JOSEPHINE
7  | UMALI, an individual, JOSHUA
   | URIEL OCHOA, an individual,
8  | STEPHEN VALENZUELA, an
   | individual, MARTHA VANEGAS, an
9  | individual, KASSIDY VARGAS, an
   | individual, ZENEN VARGAS, an
10 | individual, OSCAR VASQUEZ
   | RAMIREZ, an individual, LUIS
11 | VEGA, an individual, LUCAS
   | VENTURA, an individual, NORLAND
12 | VENTURA, an individual, ODETH
   | ARIANNA VENTURA, an individual,
13 | DAVID VERDIN, an individual,
   | GREGORY VIVIT, an individual,
14 | MARCELINA VIVIT, an individual,
   | DANIELLE VILLEGAS, an individual,
15 | JOHN VILLEGAS, an individual,
   | JULIA   VILLEGAS, an individual,
16 | PAM VILLEGAS, an individual,
   | PETER VILLEGAS, an individual,
17 | NICHOLAS  VINCELLI, an individual,
   | HEATHER VITALE-RASHTIAN, an
18 | individual, MORIAH VORGITCH, an
   | individual, STEVEN VORGITCH, an
19 | individual, WINONA VORGITCH, an
   | individual, BLAKE WALZ, an
20 | individual, CALEB WANG, an
   | individual, ELIANA WANG, an
21 | individual, ELIZABETH WANG, an
   | individual, TIMON WANG, an
22 | individual, TOBIAS WANG, an
   | individual, AARON WARNER, an
23 | individual, SAMUEL WARNER, an
   | individual, CATHERINE WEBER-
24 | HUSCHITT, an individual, CHARLES
   | WELDON, an individual, LISA
25 | WELDON, an individual, VIRGIL
   | WEVER, an individual, ANABELLE
26 | WEXLER, an individual, DAVID
   | WHEATON, an individual, LILY
27 | WHEATON, an individual, JOE
   | WHEELER, an individual, ASHTON
28 | WHITAKER, an individual,

2

1  CHRISTIAN WHITAKER, an
   individual, DASH WHITAKER, an
2  individual, JULIE WHITAKER, an
   individual, WILLIAM WHITAKER, an
3  individual, FAIDH WILSIN, an
   individual, BRITNEY WILSON, an
4  individual, JEANNE WILSON, an
   individual, PAUL WILSON, an
5  individual, GRACE WILSON
   CABRERA, an individual, DIVYA
6  WISHARD, an individual, AMANDA
   WIRT, an individual, RUSSELL
7  WOLFF, an individual, AUSTIN
   WOLFF, an individual, MADELINE
8  WOLFF, an individual, WAYLON
   WOLFF, an individual, WAFE
9  WOLFF, an individual, MIRANDA
   WOLFF, an individual, DAVE
10 WRIGHT, an individual, HYUNSIK
   YOON, an individual, JOSHUA
11 YOON, an individual, RYAN YOON,
   an individual, ACE YZRAEL
12 FRANCO, an individual, ANDREW
   ZARAKOWSKI, an individual,
13 CORRIE ZARAKOWSKI, an
   individual, EMILY ZARAKOWSKI, an
14 individual, BETHANIE ZAZUETA, an
   individual, LAINIE ZAZUETA, an
15 individual, SCOTT ZAZUETA, an
   individual, PAULA ZEPEDA, an
16 individual, DENA ZINGELEWICZ, an
   individual, PHILLIP ZINGELEWICZ,
17 an individual, KRISTOPHER
   LINCOLN, an individual. JOANN C.
18 LOPEZ, an individual, WILLIAM
   KINSLEY, an individual, SHANE
19 KINSLEY, an individual, SUSAN
   SARRASIN, an individual, JONA
20 STOCKER, an individual, GREGORY
   JONATHAN STOCKER, an individual,
21 MICHAEL SCHEKER, an individual,
   EVELINA GRIGORIAN, an individual,
22 ANDREW SCHEKER, an individual,
   BRENDA GOMEZ, an individual,
23 JOSE FIGUERA, an individual,
   MARCELA FIGUERA, an individual,
24 CAMILA NAVARRO, an individual,
   ALAN DAVID, an individual, TINA
25 DAVID, an individual, VINCENT
   DAVID, an individual, GABRIELLA
26 DAVID, an individual, DOMINICK
   DAVID, an individual
27
28 _____ Plaintiffs.

3

1

2    v.

CHIQUITA CANYON, LLC, a
3    Delaware Limited Liability Company;
CHIQUITA CANYON, INC., a
4    Delaware Corporation; WASTE
CONNECTIONS US. INC., a Delaware
5    Corporation; and DOES 1-150,
inclusive,
6
          Defendants.
7

8

9    COME NOW the ALEJANDRA SUAREZ, an individual, JUANA SUAREZ,

10   an individual, SEBASTIAN SUKIASYAN, an individual, VICTORIA SUMMER,

11   an individual, MANJULA SYAL, an individual, JUDITH TADENA, an individual,

12   ABIGAIL TALO SIG, an individual, ALEA TALO SIG, an individual, BRYZ

13   TALO SIG, an individual, MAURICE TALO SIG, an individual, MIKAELLA

14   TALO SIG, an individual, ALEXANDER TAN, an individual, ANDRE TAN, an

15   individual, GENEVIEVE TAN, an individual, KARLEE TAN, an individual, JOHN

16   TAVOLIERI, an individual, TERESA TAVOLIERI, an individual, ELLIE

17   TERRANOVA, an individual, JOSEPH TERRANOVA, an individual, KAITLYN

18   TERRANOVA, an individual, MATTHEW TERRANOVA, an individual,

19   MICHELLE TERRANOVA, an individual, JOHN TITUS CLEMONS, an

20   individual, MARILLELY TOCHIHUITL BUENO, an individual,

21   BADROLMOLOUK TOFANGDAR, an individual, WILLIAM TORRES, an

22   individual, ASHTON TRACY, an individual, HUNTER TRACY, an individual,

23   OLIVE TRACY, an individual, SETH TRACY, an individual, ALMA TREJO, an

24   individual, FELIPE TREJO, an individual, TIM TROTTER, an individual, JANET

25   LEE TROTTER, an individual, CERMA TRINIDAD, an individual, JOSE

26   TRINIDAD FLETES, an individual, LAURA TUREK, an individual, MADYSYN

27   TUREK, an individual, MAKAILYN TUREK, an individual, MASON TUREK, an

28   individual, ANNABELLE TURLA, an individual, ROMUALDO TURLA, an

4

individual, NATALIE TUTTLE, an individual, WANDA TUTTLE, an individual, BARRETT TYRRELL, an individual, BRANDON TYRRELL, an individual, KAYLA TYRRELL, an individual, MARIE JOSEPHINE UMALI, an individual, JOSHUA URIEL OCHOA, an individual, STEPHEN VALENZUELA, an individual, MARTHA VANEGAS, an individual, KASSIDY VARGAS, an individual, ZENEN VARGAS, an individual, OSCAR VASQUEZ RAMIREZ, an individual, LUIS VEGA, an individual, LUCAS VENTURA, an individual, NORLAND VENTURA, an individual, ODETH ARIANNA VENTURA, an individual, DAVID VERDIN, an individual, GREGORY VIVIT, an individual, MARCELINA VIVIT, an individual, DANIELLE VILLEGAS, an individual, JOHN VILLEGAS, an individual, JULIA   VILLEGAS, an individual, PAM VILLEGAS, an individual, PETER VILLEGAS, an individual, NICHOLAS VINCELLI, an individual, HEATHER VITALE-RASHTIAN, an individual, MORIAH VORGITCH, an individual, STEVEN VORGITCH, an individual, WINONA VORGITCH, an individual, BLAKE WALZ, an individual, CALEB WANG, an individual, ELIANA WANG, an individual, ELIZABETH WANG, an individual, TIMON WANG, an individual, TOBIAS WANG, an individual, AARON WARNER, an individual, SAMUEL WARNER, an individual, CATHERINE WEBER-HUSCHITT, an individual, CHARLES WELDON, an individual, LISA WELDON, an individual, VIRGIL WEVER, an individual, ANABELLE WEXLER, an individual, DAVID WHEATON, an individual, LILY WHEATON, an individual, JOE WHEELER, an individual, ASHTON WHITAKER, an individual, CHRISTIAN WHITAKER, an individual, DASH WHITAKER, an individual, JULIE WHITAKER, an individual, WILLIAM WHITAKER, an individual, FAIDH WILSIN, an individual, BRITNEY WILSON, an individual, JEANNE WILSON, an individual, PAUL WILSON, an individual, GRACE WILSON CABRERA, an individual, DIVYA WISHARD, an individual, AMANDA WIRT, an individual, RUSSELL WOLFF, an individual, AUSTIN

INITIAL COMPLAINT FOR DAMAGES

1  WOLFF, an individual, MADELINE WOLFF, an individual, WAYLON WOLFF,
2  an individual, WADE WOLFF, an individual, MIRANDA WOLFF, an individual,
3  DAVE WRIGHT, an individual, HYUNSIK YOON, an individual, JOSHUA
4  YOON, an individual, RYAN YOON, an individual, ACE YZRAEL FRANCO, an
5  individual, ANDREW ZARAKOWSKI, an individual, CORRIE ZARAKOWSKI,
6  an individual, EMILY ZARAKOWSKI, an individual, BETHANIE ZAZUETA, an
7  individual, LAINIE ZAZUETA, an individual, SCOTT ZAZUETA, an individual,
8  PAULA ZEPEDA, an individual, DENA ZINGELEWICZ, an individual, PHILLIP
9  ZINGELEWICZ, an individual, KRISTOPHER LINCOLN, an individual, JOANN
10 C. LOPEZ, an individual, WILLIAM KINSLEY, an individual, SHANE KINSLEY,
11 an individual, SUSAN SARRASIN, an individual, JONA STOCKER, an individual,
12 GREGORY JONATHAN STOCKER, an individual, MICHAEL SCHEKER, an
13 individual, EVELINA GRIGORIAN, an individual, ANDREW SCHEKER, an
14 individual, BRENDA GOMEZ, an individual, JOSE FIGUERA, an individual,
15 MARCELA FIGUERA, an individual, CAMILA NAVARRO, an individual, ALAN
16 DAVID, an individual, TINA DAVID, an individual, VINCENT DAVID, an
17 individual, GABRIELLA DAVID, an individual, DOMINICK DAVID, an
18 individual (collectively "Plaintiffs"), bring this action against DEFENDANTS
19 CHIQUITA CANYON, LLC, a Delaware Limited Liability Company; WASTE
20 CONNECTIONS OF CALIFORNIA, a California Corporation; CHIQUITA
21 CANYON, INC., a Delaware Corporation; WASTE CONNECTIONS US. INC., a
22 Delaware Corporation; and DOES 1 through 150, inclusive, and each of them
23 (collectively "Defendants"). PLAINTIFFS allegations are based upon personal
24 knowledge as to Plaintiffs' own experiences and on information and belief as to all
25 other matters based on an investigation by counsel, such that each allegation has
26 evidentiary support or is likely to have evidentiary support upon further
27 investigation and discovery:

28                        **NATURE OF THE CASE**

1. PLAINTIFFS allege herein that they were exposed to elevated levels of hydrogen sulfide, noxious fumes and odors in their homes and communities for an extended period of time, causing them harm, as a direct and proximate result of Defendants' negligent and reckless operation of the Chiquita Canyon Landfill ("CCL").

2. Hydrogen sulfide is a highly toxic and malodorous environmental contaminant most commonly associated with sewage. Throughout 2023, thousands of individuals – including Plaintiffs herein – experienced and complained of exposure to elevated levels of hydrogen sulfide, noxious fumes and odors.

3. Hydrogen sulfide is known to cause headaches, nausea, respiratory issues, and other illnesses.

4. PLAINTIFFS bring this action to recover compensatory damages associated with their exposure to noxious fumes and odors from the CCL, for punitive damages, and for injunctive relief.

**Smoldering Fire and Pressure Buildup Within CCL Caused Toxic Fumes and Odor**

5. CCL has, and is, currently experiencing a subsurface reaction over an inactive portion of the landfill that is causing increased temperatures, increased production of landfill gas, and increased production of leachate, as well as fugitive emissions of landfill gas from the surface of the landfill. The area of the landfill affected by the reaction is located approximately 1000 feet from the nearest resident in the surrounding community.

6. On January 16, 2024, at the South Coast Air Quality Management District's ("SCAQMD") hearing, residents from the surrounding community stated that they have become prisoners trapped in their homes to avoid exposure to the elevated levels of hydrogen sulfide, noxious fumes and odors which pollute their community. Activities such as gardening, hiking, or recreating outdoors at the nearby Hasley Equestrian Center, Hasley Canyon Park, or Val Verde Park have

1    been halted, as residents fear for their safety. Children who attend neighboring
2    schools such as Castaic Elementary School, Santa Clarita Valley International
3    School and Live Oak Elementary School are unable to enjoy their adolescent years
4    as the noxious odors and elevated levels of toxic gases prevent them from spending
5    time outdoors and have the potential to increase their risk of developing cancer.

6        7.    According to the Los Angeles Regional Water Board, CCL has been
7    disposing of approximately 2- to 4-million gallons of contaminated water a month
8    for much of the past year. That water was made up of a combination of hazardous
9    spills and CCL's efforts to extract wastewater.

10        8.    Steaming-hot, contaminated water has also surged to the surface,
11    oozing out of fissures. These hazardous spills have formed bubbling ponds and
12    "rivers of odorous waste," according to officials with the SCAQMD. At times, this
13    polluted water has erupted with such force that it has shot into the air like a geyser.

14    **Defendants have Recklessly Disregarded the Toxic Exposure of Hazardous Gas**
15    **and Odors to Residents Neighboring the Facility**

16        9.    In late 2023 Defendants acknowledged the gas and water leaks,
17    although Defendants had knowledge that the hazardous spills had been occurring
18    since mid-2022.

19        10.    Defendants have been inadequately containing landfill gas, leachate,
20    and associated surface emissions at CCL, which has caused odor and other unlawful
21    emissions from the landfill. Defendants have also failed to comply with and
22    frustrated the efforts of SCAQMD and Los Angeles Fire and Hazmat agents.

23        11.    On October 17, 2023, SCAQMD, in coordination with Los Angeles
24    Fire and Hazmat agents, conducted an unannounced inspection and attempted to
25    collect samples of the leachate exposed to the air from Defendants' property.
26    Defendants denied access to the agents and did not allow them to collect samples of
27    the leachate. Of the samples that SCAQMD was able to collect and test from
28    neighboring areas close to CCL, results indicated elevated concentrations of

1  benzene, a cancer causing chemical.

2      12.    Around that time, SCAQMD requested real-time access to Defendants'

3  Community Air Monitoring ("CAM") network, which Defendants must maintain as

4  a condition of the Conditional Use Permit allowing them to operate the landfill. By

5  January 10, 2024, SCAQMD Monitoring and Analysis Division staff had been given

6  real-time access to some, but not all, of the air monitors within Defendants' CAM

7  network. A review of CCL's air monitoring data showed approximately 35% of all

8  hydrogen sulfide (H2S) readings over the past year exceeded the California state

9  standard of 30 parts per billion (ppb), averaged over one hour.

10      13.    SCAQMD Inspectors continued to routinely observe leachate exposed

11  to the ambient air. Inspectors observed leachate at times bubbling or boiling, free

12  flowing from the surface of the landfill, pooling at the landfill, channeling through

13  soil at the landfill, and flowing to concrete lined drainage where Defendants had

14  installed checkdams to prevent the leachate from leaving CCL.

15      14.    On some inspections, SCAQMD Inspectors observed leachate shooting

16  into the air like a geyser. Where the leachate was discharged it flowed and

17  channeled across the landfill, forming bubbling ponds of waste and saturating the

18  surrounding soil. The leachate-saturated soil also emitted a foul-smelling odor. In

19  several instances, SCAQMD Inspectors observed that Defendants did not take

20  immediate actions to remediate either the leachate or the saturated soil prior to the

21  leachate reaching the concrete channels.

22                        **JURISDICTION AND VENUE**

23      15.    Venue is proper in the Superior Court of the County of Los Angeles,

24  State of California pursuant to California Code of Civil Procedure §§ 393 and 395

25  because Los Angeles County is where the subject incident and injuries occurred,

26  where the Plaintiffs reside, where CCL is located, and where the obligation and

27  liability arose for Defendants.

28      17.    Defendants CHIQUITA CANYON, LLC, CHIQUITA CANYON,

1  INC., and WASTE CONNECTIONS US. INC., purposely availed themselves of

2  the benefits, protections and privileges of the laws of the State of California in

3  conducting their business, and have purposely directed their activities in this State.

4      18.    This Court has jurisdiction of this action because the Plaintiffs seek

5  damages which are in excess of this Court minimum jurisdictional limits and

6  because Defendants conduct business in, and Plaintiffs' causes of action arose in,

7  the County of Los Angeles, State of California.

8

9                              **THE PARTIES**

10      A.    Plaintiffs

11      19.    PLAINTIFFS are individuals who, at all times relevant to this action,

12  resided in the areas impacted by the formation and release of hazardous chemicals

13  and noxious fumes, including hydrogen sulfide, near the CCL. Plaintiffs have all

14  suffered damages, losses, and harm as a result of exposure to the noxious gases

15  including, but not limited to, physical injury, fear of future physical injury, increased

16  risk of future injury, including the need for medical monitoring, emotional distress,

17  harm to real and personal property, medical expenses, relocation expenses, and other

18  economic damages.

19      B.    Defendants

20      20.    CHIQUITA CANYON, LLC is a Delaware Limited Liability

21  Company. CHIQUITA CANYON, LLC and its subsidiaries and its predecessors

22  constructed, operated or maintained the CCL located at 29201 Henry Mayo Dr.

23  Castaic, California 91384.

24      21.    CHIQUITA CANYON INC. is a Delaware Company. CHIQUITA

25  CANYON INC. and its subsidiaries and its predecessors constructed, operated or

26  maintained the CCL located at 29201 Henry Mayo Dr. Castaic, California 91384.

27      22.    WASTE CONNECTIONS US, INC. is a Delaware Company. WASTE

28  CONNECTIONS US, INC. and its subsidiaries and its predecessors constructed,

INITIAL COMPLAINT FOR DAMAGES

operated or maintained the Chiquita Canyon Landfill located at 29201 Henry Mayo Dr. Castaic, California 91384.

23.    There is a unity of interest and ownership between Defendants, such that any individuality and separateness between them has ceased, and each such entity is the alter ego of each other entity.

24.    The names of the other Defendants and/or their involvement in PLAINTIFFS' situation are unknown to PLAINTIFFS, who therefore sue such Defendant in this action by fictitious names, identified as DOES 1 through 150. Each of the Defendants designated as a Doe is legally responsible in some manner for the unlawful acts described above. Plaintiffs will seek leave of the Court to amend this complaint to reflect the true names and capacities of the Defendants designated as Does 1 through 150 when their identities and/or involvement become known.

25.    The identities and capacities of Defendants DOES 1 through 150 are currently unknown to Plaintiffs. Said Defendants are therefore sued by such fictitious names as individuals or entities of unknown form and of unknown capacity who, upon information and belief, are parties whose acts and/or omissions caused or contributed to cause the tortious conduct set forth in this pleading and who proximately and legally caused the resulting injuries and damages to Plaintiffs as alleged herein. When the true names and capacities of the Defendants sued herein as DOES are ascertained, Plaintiffs will amend this action accordingly. Whenever this complaint references acts of any Defendant or one of its unnamed agents or co-conspirators, such allegation shall be deemed to mean the act of all other Defendants, unless the reference is in a particular cause of action, and each of them acting, individually, jointly, and severally.

26.    Each Defendant committed, conspired to commit, and/or ratified each of the acts and omissions alleged in this complaint. Defendants CHIQUITA CANYON, LLC, CHIQUITA CANYON, INC., and WASTE CONNECTIONS US.

INITIAL COMPLAINT FOR DAMAGES

1 INC., and DOES 1 through 150, inclusive, and each of them, were the agents,
2 servants, employees and/or joint venturers of each other and were acting within the
3 course and scope of their agency, service, employment and joint venture. All acts
4 performed by Defendants, and each of them, while acting as an agent, servant,
5 employee and/or joint venturer have been adopted and ratified by all other
6 Defendants, and each of them. Consequently, said Defendants are jointly and
7 severally liable to the PLAINTIFFS for the injuries and damages sustained as a
8 proximate result of their conduct.

9      **ADDITIONAL FACTUAL BASIS FOR THE CLAIMS ASSERTED**

10      A.    Background

11      28.    At all relevant times herein, the PLAINTIFFS, collectively, resided in
12 neighboring communities to the CCL including but not limited to, Val Verde,
13 Hasley Canyon, Williams Ranch, Hasley Hills, Live Oak, North Bluffs, Hillcrest,
14 Stevenson Ranch and Santa Clarita. The Plaintiffs, given their proximity to the
15 CCL, were sickened and injured as a result of the exposure to the noxious fumes and
16 odors.

17      29.    The CCL is located 500 feet from Val Verde residences and 150 feet
18 from a United States Post Office. In close proximity to the north of CCL is Hasley
19 Equestrian Center, Hasley Canyon Park, Val Verde Park, Live Oak Elementary
20 School and Santa Clarita Valley International School.

21      30.    The CCL extends over 639 acres, of which approximately 400 acres are
22 used as a landfill and solid waste disposal site pursuant to a conditional use permit
23 issued by the County of Los Angeles.

24      31.    Under the CCL's conditional use permit, CCL is allowed to accept an
25 average of 6,616 tons per day of solid waste between the hours of 4:00am to
26 5:00pm, Monday through Saturday. The CCL may also accept green waste and
27 beneficial reuse materials. The CCL may accept a maximum of 2,800,000 tons per
28 year of solid waste and beneficial reuse material combined.

32. Defendants' operations at CCL range from landfill gas collections and control systems that include vertical and horizontal gas collection wells and associated piping and trenches, multiple collection headers and blowers for venting landfill gas, a landfill gas treatment system, a condensate/leachate collection system and two flares which combust landfill gas. The CCL also has an active permit application for an additional third flare which, if approved, would be incorporated into its landfill gas collection and control system.

B. Conditional Use Permits obtained by Defendants to Operate the CCL

33. In or about 1997, Defendants signed an agreement with the Val Verde Civic Association in which they agreed to close the Landfill no later than 2019.

34. On July 25, 2017, the County of Los Angeles approved another conditional use permit allowing the Defendants to expand and operate for another 30 years. The expansion included increasing the waste footprint from 257 acres to 400 acres, increasing the maximum elevation from 1,430 to 1,573 feet and increasing the daily disposal limits from 6,000 tons per day to 12,000 tons per day.

35. Under Sections 63-65 of the conditional use permit obtained by Defendants, CCL is required to comply with SCAQMD requirements and avoid being a nuisance to the community.

36. To apply for the conditional use permit allowing CCL to expand operations, CCL was required to create a cancer map which showed that there were places within close proximity to the CCL with populations with increased risk of developing cancer. The areas with increased risk of developing cancer included Castaic Elementary School, Santa Clarita Valley International School and Live Oak Elementary School.

C. Investigation Conducted by the SCAQMD in 2023 Established that Residents within Four Miles of CCL are Exposed to Noxious Gases

37. SCAQMD enforces air pollution regulations. These regulations are primarily meant to ensure that the surrounding (or ambient) air meets federal and

1    state air quality standards.

2    38.    SCAQMD is responsible for taking reports of nuisance, confirming

3    these reports and issuing Notices of Violation (NOVs) where there is a violation of

4    the law.

5    39.    In 2023, the SCAQMD received more than 7,000 resident complaints

6    of an odor nuisance with the CCL as the source. SCAQMD has issued

7    approximately 110 NOVs against CCL for public nuisance in violation of the

8    agency's Rule 402 and California Health and Safety Code Section 41700.

9    40.    SCAQMD Rule 402 and California Health and Safety Code Section

10    41700 prohibit the discharge, from any source whatsoever, of such quantities of air

11    contaminants or other materials which cause injury, detriment, nuisance, or

12    annoyance to any considerable number of persons or the public, or which cause, or

13    have the natural tendency to cause, injury or damage to business or property.

14    41.    Pursuant to SCAQMD's policies and practices, to establish a violation

15    of Rule 402, the agency must receive three calls to their hotline within an hour to

16    dispatch an investigator. If an investigator is able to confirm at least 6 complaints in

17    a 24-hour period, then a NOV is issued.

18    42.    On May 17, 2023, SCAQMD issued the first 2023 NOV against CCL

19    for public nuisance in violation of the agency's Rule 402 and California Health and

20    Safety Code Section 41700. In May, SCAQMD began receiving numerous odor

21    complaints that Agency investigators traced back to CCL.

22    43.    SCAQMD issued NOVs to Defendants under Rule 402 and other

23    Agency Rules on May 18, 2023, June 25, 2023, June 27, 2023, June 28, 2023, June

24    29, 2023, June 30, 2023, July 2, 2023, July 3, 2023, July 7, 2023, July 10, 2023, July

25    11, 2023, July 13, 2023, July 15, 2023, July 16, 2023, July 17, 2023, July 18, 2023,

26    July 19, 2023, July 20, 2023, July 21, 2023, July 22, 2023, July 23, 2023, July 24,

27    2023, July 26, 2023, July 27, 2023, July 28, 2023, July 29, 2023, July 30, 2023, July

28    31, 2023, August 1, 2023, August 2, 2023, August 3, 2023, August 4, 2023, August

14

5, 2023, August 6, 2023, August 7, 2023, August 9, 2023, August 10, 2023, August 11, 2023, August 12, 2023, August 13, 2023, August 14, 2023, August 15, 2023, August 16, 2023, August 17, 2023, August 18, 2023, August 19, 2023, August 21, 2023, August 23, 2023, August 24, 2023, August 25, 2023, August 27, 2023, August 28, 2023, August 29, 2023, August 30, 2023, August 31, 2023, September 1, 2023, September 5, 2023, September 6, 2023, September 7, 2023, September 8, 2023, September 12, 2023, September 13, 2023, September 14, 2023, September 15, 2023, September 19, 2023, September 20, 2023, September 21, 2023, September 22, 2023, September 25, 2023, September 26, 2023, September 27, 2023. September 28, 2023, October 2, 2023, October 3, 2023, October 5, 2023, October 6, 2023, October 9, 2023, October 10, 2023, October 13, 2023, October 16, 2023, October 20, 2023, October 23, 2023, October 25, 2023, October 26, 2023, October 27, 2023, November 2, 2023, November 6, 2023, November 10, 2023, November 13, 2023, November 15, 2023, November 16, 2023, November 28, 2023, November 29, 2023, November 30, 2023, December 6, 2023, December 7, 2023, December 12, 2023, December 18, 2023, December 22, 2023, December 27, 2023, December 29, 2023, January 3, 2024, and January 9, 2024.

44.    During the time of increased complaints, CCL was and is still currently experiencing a subsurface reaction in an inactive portion of the landfill that is causing increased temperatures, increased production of landfill gas, and increased production of leachate, as well as fugitive emissions of landfill gas from the surface of the landfill. The area of the landfill affected by the reaction is located approximately 1,000 feet from the nearest resident in the surrounding community.

45.    Between May and September 5, 2023, SCAQMD issued 58 NOVs against Defendants for violating SCAQMD Rule 402 and California Health and Safety Code Section 41700. In light of the NOVs and complaints, SCAQMD's Hearing Board issued an Order for Abatement which outlined practices and procedures in an attempt to resolve the issues.

1     46.    The Order for Abatement was ineffective. Between September 6, 2023

2 and January 11, 2024, SCAQMD received 4,860 complaints alleging CCL as the

3 source of odors. SCAQMD responded to and investigated the complaints, including

4 verifying the existence of complained-of odors and identifying the source of the

5 complaints as CCL. Over this time period, Defendants received 46 NOVs for

6 violations of SCAQMD Rule 402 and California Health and Safety Code Section

7 41700.

8     47.    In early October, 2023, SCAQMD learned of the existence of leachate

9 seeping out from the area of the landfill affected by the subsurface reaction.

10 SCAQMD inspectors conducted an inspection and confirmed that leachate had

11 seeped out of the landfill and pooled in a concrete-lined stormwater channel

12 adjacent to the area of the landfill affected by the reaction. SCAQMD inspectors

13 observed that the leachate gave off a foul odor, which inspectors determined was

14 contributing to and worsening the alleged public nuisance.

15     48.    On October 31, 2023, Defendants submitted the results of an initial flux

16 chamber study. The results of the study concluded that if the emissions observed

17 during the study held constant for an entire year, a total of around 43,000 tons per

18 year of uncontrolled/fugitive surface emissions would be produced at CCL. Of those

19 emissions, approximately 9.33 tons per year would be benzene, and approximately

20 100 tons per year toxic organics.

21     49.    In November 2023, SCAQMD also cited the facility for failure to

22 maintain the leachate collection and storage system in good operating condition,

23 failure to report the breakdown of equipment, failure to submit a landfill excavation

24 plan, and violations of other permit and conditional use conditions. Leachate was

25 observed on numerous occasions bubbling, boiling, or shooting out like a geyser.

26 The pooled and flowing liquid was observed seeping out of the soil and causing

27 additional foul-smelling odors.

28     50.    On several successive inspections, SCAQMD inspectors continued to

routinely observe leachate exposed to the ambient air. Inspectors noted leachate at times bubbling or boiling, free flowing from the surface of the landfill, pooling at the landfill, channeling through soil at the landfill, and flowing to concrete lined drainage.

51. On several instances, SCAQMD inspectors observed that Defendants did not take immediate actions to remediate either the leachate or the saturated soil prior to the leachate reaching the concrete channels.

52. SCAQMD's Monitoring and Analysis Division compiled and reviewed continuous monitoring data from six monitors in Defendants' Community Air Monitoring network, all located within the affected communities. The monitors collect real-time data for hydrogen sulfide ("H2S") and particulate matter. Based on review of H2S continuous monitoring across all six monitors, SCAQMD determined that approximately 35% of all hourly average readings over the past year exceeded the California Office of Environmental Health Hazard Assessment ("OEHHA") acute standard of 30 parts per billion ("ppb") on a 1-hour average. Some readings, across a 1-hour average, exceeded 300 ppb, ten times the OEHHA standard. The highest single reading exceeded 500 ppb. SCAQMD Monitoring and Analysis staff concluded from this data review that there was clear indication that air emissions from CCL were having significant impact to the community.

53. The Los Angeles County Department of Public Health also received monitoring data of these community monitoring stations around CCL, including, eventually, real-time access to this data. Dr. Nichole Quick, the Department's Deputy Director for Health Protection, reviewed the data and concluded that, if assumed accurate, it showed evidence that there were likely health impacts observed in the community due to H2S exposure. Dr. Quick noted that physiological health impacts of H2S at the 1-hour acute standard of 30 ppb would often include headaches, nausea, and respiratory irritation. Dr. Quick observed that because the data from communities around CCL indicated significant exceedances of the 30 ppb

17

INITIAL COMPLAINT FOR DAMAGES

1  standard, symptoms could be more prolonged or intense.

2      54.    On October 17, 2023, SCAQMD, in coordination with LA Fire/Hazmat
3  agents, conducted an unannounced inspection and attempted to collect samples of
4  the leachate exposed to the air from Defendants' property. Defendants denied access
5  to collect samples of the leachate.  SCAQMD collected air samples at both the fence
6  line and within the nearby community at that time. SCAQMD Monitoring and
7  Analysis staff tested the samples within 24-hours and reviewed the laboratory
8  results. Of those reviewed, several indicated levels of benzene above expected
9  background levels, but below the 8-hour acute standard of 8ppb set by OEHHA.

10     55.    At least one sample result, collected on November 6, 2023, reported
11  the benzene level well above the 8-hour acute standard, measured at 69.5 ppb.
12  SCAQMD learned about the result on December 8, 2023 (though the lab report was
13  dated November 9, 2023).  SCAQMD Monitoring and Analysis staff discussed this
14  result with the third-party lab that performed the analysis to inquire about potential
15  anomalies in the lab methods. The third-party lab confirmed the validity of the
16  results.

17     56.    Based on review of the laboratory sample reports made available to
18  SCAQMD, Dr. Quick concluded that there is ample evidence supporting health
19  impacts to the community from air contaminants from CCL.

20     D.    Conclusion of SCAQMD Investigation

21     57.    The SCAQMD has found that a subsurface reaction over an
22  approximately 30-acre portion of CCL is the source of significant odors, which are
23  causing injury, detriment, nuisance and/or annoyance to residents located in
24  neighboring communities.

25     58.    Defendants are also in violation of Rule 430, Rule 3002(c)(1) and Rule
26  203(b) for failing to report a breakdown to the SCAQMD in equipment which
27  causes a violation of a rule of regulation of the SCAQMD. Defendants failed to
28  maintain the full and proper working order of the leachate collection system, as

1 | required by Defendants' leachate collection system permit. Fully and properly
2 | operated, the leachate collection system captures leachate and collects it subsurface.
3 | However, leachate has been and continues to evade the leachate collection system, is
4 | exposed to ambient air, and is only collected by separate, external trucks, which are
5 | not part of Defendants' leachate collection system. Accordingly, the SCAQMD's
6 | Hearing Board concluded that there has been, and is an ongoing, breakdown in
7 | Defendants' leachate collection system.

8 |      59.   On January 17, 2024, Defendants were issued an Order for Abatement
9 | and the Hearing Board ordered Defendants to take significant actions, such as:[1]

10 |      a.   Immediate Leachate Collection: Twice daily inspections for leachate
11 | and the immediate removal of any pooling or ponding liquid in a sealed tank/truck.

12 |      b.   Excavation Plan and Interim Mitigation: Submit a complete excavation
13 | plan that includes proper management of soil, methane monitoring, dust
14 | suppression, and the immediate relocation of any excavated soil from the property.
15 | Until the plan is approved, the landfill must undertake interim mitigation measures
16 | to limit odor and fugitive dust during excavating activities.

17 |      c.   Expand Collection and Extraction Wells: To collect gas and leachate as
18 | needed and properly cover wells to prevent leaks, as well as take precautions to
19 | avoid or limit escape of any liquids during well building or maintenance.

20 |      d.   Expanded Monitoring: Install continuous air monitors in the
21 | community where odors have been reported for gases associated with landfills.
22 | Monitor for benzene and other volatile organic compounds (VOCs). Increase
23 | laboratory sampling in the community to 3 times per week until the monitors are in
24 | place. Take monthly samples of leachate at the reaction area, the areas with the
25 | highest temperature, and the bottom of the tanks where leachate is stored. Conduct
26 |
27 | [1] https://www.aqmd.gov/docs/default-source/news-archive/2024/ccl-mod-oa-jan17-
28 | 2024.pdf

1 | an additional study of surface air emissions from the landfill.

2 |     e.    Increased Transparency: Provide all past and current air monitoring
3 | data to SCAQMD immediately for review. Develop a webpage to display real-time
4 | monitoring information within 30 days.

5 |     60.    Defendants will return for a status hearing on April 24 and 25, 2024, to
6 | report on the status of implementation of the Order for Abatement.

7 |     **E.**   **Plaintiffs' Injuries**

8 |     61.    PLAINTIFFS are individuals and families who live and work within
9 | the neighboring communities to the CCL, and given their proximity to the CCL,
10 | were sickened and injured as a result of exposure to the noxious fumes and odors.

11 |     62.    Due to the high levels of hydrogen sulfide and other toxic air
12 | pollutants, Plaintiffs claim damages for physical injury (for which many have sought
13 | medical treatment), fear of future physical injury, increased risk of future injury,
14 | including the need for medical monitoring, emotional distress, harm to real and
15 | personal property, medical expenses, relocation expenses, and other economic
16 | damages.

17 |     63.    PLAINTIFFS' injuries include but are not limited to, headaches,
18 | lightheadedness, dizzy spells, asthma, other breathing conditions, rashes, cancers,
19 | tumors, and other related symptoms, as well as other harms not yet known. Plaintiffs
20 | are informed and believe, and thereon allege, that some or all of the health effects
21 | may result in chronic and/or ongoing injuries.

22 |     **BASIS FOR MEDICAL MONITORING DAMAGES**

23 |     64.    Defendants have exposed Plaintiffs to excessive levels of hydrogen
24 | sulfide and other chemicals and toxins proven hazardous to human health.

25 |     65.    Defendants have also exposed Plaintiffs to environmental conditions
26 | proven hazardous to mental health.

27 |     66.    The exposure to these dangerous substances and conditions is such that
28 | Plaintiffs have been placed at an increased risk of contracting latent illness and

disease, including but not limited to respiratory, cardiovascular, neurological, and mental health issues, and as such, require medical monitoring which Defendants are responsible for providing and paying for.

67.    Monitoring and testing procedures for respiratory, cardiovascular, and neurological disorders and other illnesses associated with exposure to hydrogen sulfide and other chemicals exist, as well as for mental health issues, which make the early detection and treatment of such diseases and health conditions possible and beneficial.

68.    Accordingly, Plaintiffs are entitled to compensatory damages for medical monitoring.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## NEGLIGENCE

**(By Plaintiffs Against Defendants Chiquita Canyon, LLC, a Delaware Limited Liability Company; Chiquita Canyon, Inc., a Delaware Corporation; Waste Connections US. Inc., a Delaware Corporation; and DOES 1–150)**

69.    PLAINTIFFS incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

70.    At all relevant times, Defendants and each of them, owned, operated, inspected, controlled, managed, and/or maintained CCL.

71.    At all relevant times prior to this incident, Defendants and each of them, had the duty to exercise the utmost care and diligence in the ownership, design, operation, management, supervision, inspection, maintenance, repair, and/or control of CCL in compliance with relevant regulations and industry standards, so as not to cause harm to individual persons, private and public property, the environment, public resources, public health, and/or the comfortable use and enjoyment of property and life by the public.

72.    At all relevant times, Defendants and each of them, negligently,

1 carelessly, recklessly, and/or unlawfully used, owned, operated, managed,
2 supervised, maintained, repaired, and/or controlled CCL, including but not limited
3 to (a) failing to implement reasonable safety and leak prevention practices; (b)
4 failing to properly inspect, assess, and/or evaluate the integrity of CCL in
5 compliance with applicable safety standards and regulations; and/or (c) failing to
6 have an adequate and appropriate response plan to timely, adequately, promptly and
7 properly respond to and contain leaks.

8    73.    As a direct and legal result of the wrongful acts and/or omissions of
9 Defendants, and each of them, Plaintiffs have suffered damages, including but not
10 limited to inhalation of noxious and toxic gases, chemicals, and/or fumes resulting
11 in personal injuries including, but not limited to, severe headaches, dizziness,
12 difficulty breathing, and other harms known and as yet unknown. Upon information
13 and belief, some or all of the health effects may result in permanent impairments
14 and/or disabilities, all to their general damage in a sum according to proof.

15    74.    As a direct and legal result of the wrongful acts and/or omissions of
16 Defendants, and each of them, PLAINTIFFS are required to, and continue to,
17 employ physicians and/or other health care providers to examine, treat, and care for
18 their injuries. PLAINTIFFS have incurred, and will continue to incur, medical and
19 incidental expenses for such examination, treatment, rehabilitation, and care, all in
20 an amount according to proof.

21    75.    As a direct and legal result of the wrongful acts and/or omissions of
22 Defendants, and each of them, PLAINTIFFS have been put at risk for the
23 development of latent health problems, such that they now require medical
24 monitoring for such problems in the future.

25    76.    As a direct and legal result of the wrongful acts and/or omissions of
26 Defendants, and each of them, PLAINTIFFS have incurred, and will continue to
27 incur, a loss of income and/or a loss of earning capacity, all in an amount according
28 to proof at the time of trial pursuant to California Code of Civil Procedure § 425.10.

77.    As a direct and legal result of the wrongful acts and/or omissions of Defendants, and each of them, PLAINTIFFS have incurred, and will continue to incur, a loss of revenues and profits from the operation of their businesses, all in an amount according to proof at the time of trial pursuant to California Code of Civil Procedure § 425.10.

78.    As a direct and legal result of the wrongful acts and/or omissions of Defendants, and each of them, PLAINTIFFS have suffered and will continue to suffer the loss of the quiet use and enjoyment of their property, as well as public properties located in the area, have suffered and will continue to suffer the diminution of the value of their property, and/or have been or will be required to expend monies to repair and/or restore the property to its condition prior to the blowout, all in an amount according to proof at the time of trial pursuant to California Code of Civil Procedure § 425.10.

## SECOND CAUSE OF ACTION

### NEGLIGENCE PER SE – VIOLATION OF CALIFORNIA HEALTH AND SAFETY CODE § 41700

**(By Plaintiffs Against Defendants Chiquita Canyon, LLC, a Delaware Limited Liability Company; Chiquita Canyon, Inc., a Delaware Corporation; Waste Connections US. Inc., a Delaware Corporation; and DOES 1–150)**

79.    PLAINTIFFS incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

80.    Prior to and at all times relevant hereto, California Health and Safety Code Section 41700 was in full force and effect. That statute states, in pertinent part:

**41700 – Health and Safety Code**

(a) Except as otherwise provided in Section 41705, a person shall not discharge from any source whatsoever quantities of air contaminants or other material that cause injury, detriment, nuisance, or annoyance to any considerable number of persons or to the public, or that endanger the comfort, repose, health, or

1  safety of any of those persons or the public, or that cause, or have a natural tendency
2  to cause, injury or damage to business or property.

3      81.    PLAINTIFFS were among the class of persons that California Health
4  and Safety Code Section 41700 was intended to protect.

5      82.    At the time of the incident giving rise to this action, Defendants, and
6  each of them, violated the California Health and Safety Code Section 41700 by,
7  inter alia, inadequately containing landfill gas, leachate, and associated surface
8  emissions at CCL, which has caused odor and other unlawful emissions from the
9  landfill. SCAQMD received more than 7,000 resident complaints of an odor
10  nuisance with CCL as the source. SCAQMD has issued approximately 110 NOVs
11  against CCL for public nuisance in violation of the agency's Rule 402 and
12  California Health and Safety Code Section 41700.

13      83.    Defendants' violation of California Health and Safety Code Section
14  41700, was the sole, direct, and proximate cause of the incident out of which this
15  action arises and Plaintiffs' resulting injuries and damages.

16      84.    As a direct and proximate result of the above-described negligent
17  conduct and tortious acts and omissions of Defendants, and each of them,
18  PLAINTIFFS sustained serious personal injuries, which have caused, and continue
19  to cause PLAINTIFFS pain and suffering, all to their general and non-economic
20  damages in an amount which will be stated according to proof at the time of trial
21  pursuant to California Code of Civil Procedure § 425.10.

22      85.    As a direct and proximate result of the above-described negligent
23  conduct and tortious acts and omissions of Defendants, and each of them,
24  PLAINTIFFS sustained serious injuries which have required hospitalization, therapy
25  and rehabilitation and which continue to require medical care and treatment, all to
26  PLAINTIFFS' special and economic damages, will be stated according to proof at
27  the time of trial pursuant to California Code of Civil Procedure § 425.10.

28      86.    As a direct and proximate result of the above-described negligent

1  conduct and tortious acts and omissions of Defendants, and each of them,

2  PLAINTIFFS have suffered and will continue to suffer the loss of the quiet use and

3  enjoyment of their property, as well as public properties located in the area, have

4  suffered and will continue to suffer the diminution of the value of their property,

5  and/or have been or will be required to expend monies to repair and/or restore the

6  property to its condition prior to the blowout, will be stated according to proof at the

7  time of trial pursuant to California Code of Civil Procedure § 425.10.

8  **THIRD CAUSE OF ACTION**

9  **STRICT LIABILITY FOR ULTRAHAZARDOUS ACTIVITIES**

10 **(By Plaintiffs Against Defendants Chiquita Canyon, LLC, a Delaware**

11 **Limited Liability Company; Chiquita Canyon, Inc., a Delaware Corporation;**

12 **Waste Connections US. Inc., a Delaware Corporation; and DOES 1–150)**

13

14     87.    PLAINTIFFS incorporate by reference all allegations of the preceding

15 paragraphs as though fully set forth herein.

16     88.    At all times herein, Defendants were the owner and operator of CCL.

17 The CCL is located centrally, 500 feet from Val Verde residences and 150 feet from

18 a United State Post Office. To the north of the CCL is the Hasley Equestrian Center,

19 Hasley Canyon Park, Val Verde Park, Live Oak Elementary School and Santa

20 Clarita Valley International School which are also in close proximity to the CCL.

21     89.    At all times relevant to this action, Defendants, and each of them, had

22 supervision, custody, and control of the CCL.

23     90.    At all times relevant to this action, Defendants, and each of them, were

24 under a continuing duty to protect the Plaintiffs from the natural consequences of

25 mishandling of chemicals, including but not limited to hydrogen sulfide and sulfur-

26 containing which is exuded as a result of handling landfill and solid waste disposal,

27 at CCL.

28     91.    Defendants, and each of them, were engaged in an ultrahazardous

1  activity by handling, landfill gas collection and control system that includes vertical
2  and horizontal gas collection wells and associated piping and trenches multiple
3  collection headers and blowers for venting landfill gas, a landfill gas treatment
4  system, a condensate/leachate collection system and two flares which combust
5  landfill gas that contain hazardous chemicals, including but not limited to hydrogen
6  sulfide and sulfur-containing wastewater, at CCL.

7  92.   PLAINTIFFS have suffered harm as a result of Defendants' conduct as
8  described herein including but not limited to: physical injury, loss of use and
9  enjoyment of their homes and other expenses.

10  93.   The injuries sustained by PLAINTIFFS as a result of Defendants'
11  conduct described herein were the direct and proximate result of Defendants'
12  activities.

13  94.   The harm to PLAINTIFFS was and is the kind of harm that would be
14  reasonably anticipated as a result of the risks created by the improper handling of
15  landfill and solid waste disposal that contain hazardous chemicals.

16  95.   Defendants' harm to PLAINTIFFS was foreseeable because fugitive
17  discharge of hydrogen sulfide and other chemicals from CCL would reasonably
18  result in a significant environmental impact on the surrounding communities.

19  96.   Defendants' operation and use of CCL and resulting discharge was and
20  remains a substantial factor in causing the harms suffered by Plaintiffs.

21  97.   Defendants, and each of them, are liable to PLAINTIFFS for all
22  damages arising from this ultrahazardous activity, including all compensatory
23  damages, and punitive damages pursuant to Cal Civ. Code § 3294, and attorney's
24  fees pursuant to Cal Civ. Code § 1021.5.

25  98.   Defendants are liable to PLAINTIFFS for all damages arising from
26  their violations of California Civil Code section 3479 and California Health &
27  Safety Code section 25510(a), including compensatory and injunctive relief,
28  punitive damages pursuant to California Civil Code § 3294, and attorneys' fees

1  pursuant to California Code of Civil Procedure § 1021.5.

2      99.    The wrongful acts, representations and/or omissions of Defendants,

3  hereinabove set forth, were made, adopted, approved, authorized, endorsed and/or

4  ratified by their officers, directors or managing agents, and were done maliciously,

5  oppressively, fraudulently and/or with a willful and knowing disregard of the

6  probable dangerous consequences for the health and safety of Plaintiffs and their

7  community.

8      100.   The officers, directors and/or managing agents of Defendants had

9  advanced knowledge of the storing of products containing harmful chemicals. The

10  officers, directors and/or managing agents of Defendants had advanced knowledge

11  that a failure to properly store, maintain, and/or inspect the condition of CCL would

12  result in the probability of a catastrophic event, which foreseeably would lead to

13  harm and/or injuries to the health and safety of Plaintiffs and their community,

14  generally.

15      101.   In failing to take protective measures to safeguard against the danger,

16  the officers, directors and/or managing agents of Defendants acted with a willful

17  and/or knowing disregard of the probable dangerous consequences, and/or acted

18  with an awareness of the probable dangerous consequences of their conduct and

19  deliberately failed to avoid those consequences, thereby creating a substantial risk of

20  injury to Plaintiffs and the surrounding community.

21      102.   PLAINTIFFS are entitled to punitive and exemplary damages in an

22  amount to be ascertained, which is appropriate to punish or set an example of

23  Defendants and deter such behavior by Defendants and others in the future.

24                      **FOURTH CAUSE OF ACTION**

25                   **PRIVATE NUISANCE - CONTINUING**

26      **(By Plaintiffs Against Defendants Chiquita Canyon, LLC, a Delaware**

27  **Limited Liability Company; Chiquita Canyon, Inc., a Delaware Corporation;**

28  **Waste Connections US. Inc., a Delaware Corporation; and DOES 1–150)**

INITIAL COMPLAINT FOR DAMAGES

103.  PLAINTIFFS incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

104.  PLAINTIFFS own and/or occupy property at or near the exposed area. At all relevant times, PLAINTIFFS had a right to occupy, enjoy, and/or use their property without interference by Defendants.

105.  Defendants and each of them, by reason of their wrongful acts and/or omissions created a condition that (a) was harmful to PLAINTIFFS' health; (b) was indecent and/or offensive to PLAINTIFFS' senses; (c) was an obstruction of PLAINTIFFS' free use and enjoyment of their property, so as to interfere with their comfortable enjoyment of life and/or property; and/or (d) unlawfully obstructed PLAINTIFFS' free passage or use, in the customary manner, of public parks, squares, streets, and/or highways in the exposed area.

106.  PLAINTIFFS did not consent to Defendants' conduct. To the extent PLAINTIFFS gave any express or implied permission for the maintenance improper handling landfill and solid waste disposal that contain hazardous chemicals. Such permission extended only to a properly maintained, up-to-date, and safe facility, and Defendants and each of them, exceeded the scope of any such consent by operating a shoddy, dangerous, aging, and faulty containment facility near Plaintiffs' property.

107.  An ordinary person of reasonable sensibilities would reasonably be annoyed and/or disturbed by the conduct of Defendants and each of them.

108.  The seriousness of PLAINTIFFS' injuries outweighs any public benefit from the conduct of Defendants and each of them.

109.  As a direct and legal result of the wrongful acts and/or omissions of Defendants and each of them, PLAINTIFFS have suffered, and will continue to suffer, discomfort, annoyance, anxiety, fear, worries, and stress attendant to the interference with PLAINTIFFS' occupancy, possession, use, and/or enjoyment of their property, as alleged above.

1    110.   As a direct and legal result of the wrongful acts and/or omissions of

2    Defendants and each of them, PLAINTIFFS suffered and continue to suffer

3    damages as herein above set forth.

### FIFTH CAUSE OF ACTION

### PRIVATE NUISANCE - PERMANENT

**(By Plaintiffs Against Defendants Chiquita Canyon, LLC, a Delaware**

**Limited Liability Company; Chiquita Canyon, Inc., a Delaware Corporation;**

**Waste Connections US. Inc., a Delaware Corporation; and DOES 1–150)**

10    111.   PLAINTIFFS incorporate and re-allege each of the paragraphs above as

11    though fully set forth herein.

12    112.   Defendants and each of them, by reason of their wrongful acts and/or

13    omissions created a permanent condition that (a) is harmful to Plaintiffs' health; (b)

14    is indecent and/or offensive to Plaintiffs' senses; (c) is an obstruction of Plaintiffs'

15    free use of their property, so as to interfere with the comfortable enjoyment of life or

16    property; and/or (d) unlawfully obstructs Plaintiffs' free passage or use, in the

17    customary manner, of public parks, squares, streets, and/or highways in the exposed

18    area.

19    113.   This permanent condition has interfered with Plaintiffs' free use and

20    enjoyment of their land, along with numerous other neighbors, in the form of

21    damage to buildings, a significant decrease in the value of the property, exposure to

22    an array of toxic substances on the land, and/or a lingering and foul smell of toxic

23    gases, permeating the air surrounding their property and invading their homes.

24    114.   PLAINTIFFS did not consent to the conduct of Defendants and each of

25    them, which was a substantial factor in causing Plaintiffs' harm.

26    115.   An ordinary person would be reasonably annoyed or disturbed by the

27    conduct of Defendants and each of them.

28    116.   The seriousness of the harm outweighs any public benefit of

1  Defendants' conduct.

2      117.  As a direct and legal result of the wrongful acts and/or omissions of

3  Defendants and each of them, PLAINTIFFS suffered and continue to suffer

4  damages as herein above set forth.

5                          **SIXTH CAUSE OF ACTION**

6                    **PUBLIC NUISANCE - CONTINUING**

7      **(By Plaintiffs Against Defendants Chiquita Canyon, LLC, a Delaware**

8  **Limited Liability Company; Chiquita Canyon, Inc., a Delaware Corporation;**

9  **Waste Connections US. Inc., a Delaware Corporation; and DOES 1–150)**

10

11      118.  PLAINTIFFS incorporate and re-allege each of the paragraphs above as

12  though fully set forth herein.

13      119.  PLAINTIFFS own and/or occupy property at or near the exposed area.

14  At all relevant times, Plaintiffs had a right to occupy, enjoy, and/or use their

15  property without interference by Defendants.

16      120.  Defendants and each of them, by reason of their wrongful acts and/or

17  omissions created a condition that (a) is harmful to PLAINTIFFS' health; (b) is

18  indecent and/or offensive to PLAINTIFFS' senses; (c) is an obstruction of

19  PLAINTIFFS' free use of their property, so as to interfere with the comfortable

20  enjoyment of life or property; and/or (d) unlawfully obstructs PLAINTIFFS' free

21  passage or use, in the customary manner, of public parks, squares, streets, and/or

22  highways in the exposed area.

23      121.  This condition has interfered with PLAINTIFFS' free use and

24  enjoyment of their land, along with numerous other neighbors, in the form of

25  damage to buildings, a significant decrease in the value of the property, exposure to

26  an array of toxic substances on the land, and/or a lingering and foul smell of toxic

27  gases, permeating the air surrounding their property and invading their homes.

28      122.  The condition that Defendants created and/or permitted to exist affected

1  a substantial number of people within the general public, including causing
2  Plaintiffs to relocate, personal injuries and disturbance in the enjoyment of everyday
3  living.

4      123.   PLAINTIFFS did not consent to the conduct of Defendants and each of
5  them, which was a substantial factor in causing Plaintiffs' harm.

6      124.   An ordinary person of reasonable sensibilities would reasonably be
7  annoyed and/or disturbed by the condition created by each and every Defendant.

8      125.   The seriousness of the harm outweighs any public benefit of
9  Defendants' conduct.

10     126.   As a direct and legal result of the wrongful acts and/or omissions of
11  Defendants and each of them, PLAINTIFFS suffered and continue to suffer
12  damages as herein above set forth.

13                    **SEVENTH CAUSE OF ACTION**
14                    **PUBLIC NUISANCE - PERMANENT**

15     **(By Plaintiffs Against Defendants Chiquita Canyon, LLC, a Delaware**
16  **Limited Liability Company; Chiquita Canyon, Inc., a Delaware Corporation;**
17  **Waste Connections US. Inc., a Delaware Corporation; and DOES 1–150)**

18

19     127.   PLAINTIFFS incorporate and re-allege each of the paragraphs above as
20  though fully set forth herein.

21     128.   PLAINTIFFS own and/or occupy property at or near the exposed area.
22  At all relevant times, PLAINTIFFS had a right to occupy, enjoy, and/or use their
23  property without interference by Defendants.

24     129.   Defendants and each of them, by reason of their wrongful acts and/or
25  omissions created a permanent condition that (a) is harmful to PLAINTIFFS' health;
26  (b) is indecent and/or offensive to PLAINTIFFS' senses; (c) is an obstruction of
27  PLAINTIFFS' free use of their property, so as to interfere with the comfortable
28  enjoyment of life or property; and/or (d) unlawfully obstructs PLAINTIFFS' free

1  passage or use, in the customary manner, of public parks, squares, streets, and/or
2  highways in the exposed area.

3      130.   This condition has interfered with PLAINTIFFS' free use and
4  enjoyment of their land, along with numerous other neighbors, in the form of
5  damage to buildings, a significant decrease in the value of the property, exposure to
6  an array of toxic substances on the land, and/or a lingering and foul smell of toxic
7  gases, permeating the air surrounding their property and invading their homes.

8      131.   The condition that Defendants created and/or permitted to exist affected
9  a substantial number of people within the general public, including causing
10 PLAINTIFFS to relocate, personal injuries, and disturbance in the enjoyment of
11 everyday living.

12     132.   The condition described herein is permanent.

13     133.   PLAINTIFFS did not consent to the conduct of Defendants and each of
14 them, which was a substantial factor in causing Plaintiffs' harm.

15     134.   An ordinary person of reasonable sensibilities would reasonably be
16 annoyed and/or disturbed by the condition created by each and every Defendant.

17     135.   The seriousness of the harm outweighs any public benefit of
18 Defendants' conduct.

19     136.   As a direct and legal result of the wrongful acts and/or omissions of
20 Defendants and each of them, PLAINTIFFS suffered and continue to suffer
21 damages as herein above set forth.

22                    **EIGHT CAUSE OF ACTION**
23                         **TRESPASS**
24      **(By Plaintiffs Against Defendants Chiquita Canyon, LLC, a Delaware**
25  **Limited Liability Company; Chiquita Canyon, Inc., a Delaware Corporation;**
26   **Waste Connections US. Inc., a Delaware Corporation; and DOES 1–150)**
27
28     137.   PLAINTIFFS incorporate and re-allege each of the paragraphs above as

INITIAL COMPLAINT FOR DAMAGES

1 | though fully set forth herein.

2 | 138.  PLAINTIFFS own and/or occupy property at or near the exposed area.
3 | At all relevant times, Plaintiffs had a right to occupy, enjoy, and/or use their
4 | property without interference by Defendants.

5 | 139.  Defendants and each of them, caused a trespass by allowing or causing
6 | to seep or migrate underground, benzene, hydrogen sulfide, sulfur dioxide, and other
7 | unknown chemicals and matter beyond the boundary of CCL in such a manner that
8 | it was reasonably foreseeable that the pollutants would, in due course, invade
9 | PLAINTIFFS' real property and cause physical injury to that property.

10 | 140.  Defendants and each of them, were engaged in an ultra-hazardous
11 | activity and/or intentionally, recklessly, and/or negligently caused toxic and noxious
12 | chemicals, gases, and/or fumes to escape the CCL and invade PLAINTIFFS'
13 | property, including the air space surrounding, above, and within Plaintiffs'
14 | residence.

15 | 141.  PLAINTIFFS did not give permission for this direct and/or indirect
16 | entry.

17 | 142.  As a direct and legal result of the wrongful acts and/or omissions of
18 | Defendants and each of them, PLAINTIFFS suffered and continue to suffer
19 | damages as described above and in amount according to proof at trial.

20 | **PRAYER FOR RELIEF**

21 | WHEREFORE, PLAINTIFFS request relief against all Defendants as
22 | follows:

23 | a.    a judgment in favor of PLAINTIFFS on all claims;

24 | b.    for compensatory and general damages according to proof;

25 | c.    an award to PLAINTIFFS for the amount of damages, including
26 | personal injuries, property damage, damage to the health of their pets, and
27 | diminution in property value, according to proof;

28 | d.    loss of the use and benefit of PLAINTIFFS' real and/or personal

1   property;

2       e.      past and future medical expenses and incidental expenses according to
3   proof;

4       f.      loss of wages, earning capacity, and/or business profits or proceeds
5   and/or any related displacement expenses, according to proof;

6       g.      an immediate temporary injunction against Defendants to prevent
7   further harm to Plaintiffs and to include provisions for further ongoing monitoring
8   of Plaintiffs' property and potential remediation by Defendants;

9       h.      the cost of future medical monitoring;

10      i.      general damages for fear, worry, annoyance, discomfort, disturbance,
11  inconvenience, mental anguish, emotional distress, and loss of quiet enjoyment of
12  property;

13      j.      an award to PLAINTIFFS for punitive and exemplary damages
14  according to proof;

15      k.      all costs of suit, including attorneys' fees where appropriate, appraisal
16  fees, engineering fees and related costs;

17      l.      for reasonable attorneys' fees pursuant to California Code of Civil
18  Procedure, section 1021.5;

19      m.      for pre- and post-judgment interest at the legal rate on all amounts
20  awarded; and

21      n.      for all other relief as this Court may deem just and proper.

22

23

24

25

26

27

28

1    DATED:  June 19, 2024       Respectfully submitted,

2

3                       THE KRUGER LAW FIRM

4

5                       By:     /s/ Jackie Kruger

6                             Jackie R. Kruger

7                            Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INITIAL COMPLAINT FOR DAMAGES

**DEMAND FOR JURY TRIAL**

PLAINTIFFS demand a trial by jury on all of the triable issues within this Complaint.

DATED:  June 19, 2024                    Respectfully Submitted,

                                        THE KRUGER LAW FIRM


                                        By:      /s/ Jackie Kruger
                                                 Jackie R. Kruger

                                        Attorneys for Plaintiffs

INITIAL COMPLAINT FOR DAMAGES

EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jackie Kruger, Esq (SBN 231085)<br>The Kruger Law Firm; 485 S. Robertson Blvd. Suite 4, Beverly Hills, CA 90211<br><br>TELEPHONE NO: 310-550-1234        FAX NO: 310-550-6904<br>EMAIL ADDRESS: krugerlaw@thekrugerlawfirm.com<br>ATTORNEY FOR *(Name):* Plaintiffs | **Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>**6/20/2024 12:00 AM**<br>**David W. Slayton,**<br>**Executive Officer/Clerk of Court,**<br>**By M. Aguirre, Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 312 N. Spring Street
MAILING ADDRESS: 312 N. Spring Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Spring Street Courthouse

CASE NAME:
Alejandra Suarez, an individual et al v. Chiquita Canyon, LLC, a Delaware Limited Liability Company, et. al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] Limited<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 24STCV15479<br><br>JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case.

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[x] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [x] Large number of separately represented parties
b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 8
5. This case [ ] is  [x] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: May 31, 2024
Jackie Kruger
_____
(TYPE OR PRINT NAME)                                ► *Jackie Kruger*
                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January  2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Alejandra Suarez,et al v. Chiquita Canyon, LLC, et al | 24STCV15479 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☑ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Alejandra Suarez et al v. Chiquita Canyon, LLC. et al | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06)<br>(not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| Alejandra Suarez et al v. Chiquita Canyon, LLC. et al | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>                    Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Alejandra Suarez et al v. Chiquita Canyon, LLC, et al | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Alejandra Suarez et al v. Chiquita Canyon, LLC, et al | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☐ 1. ☐ 2. ☐ 3. ☑ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: 2923 Val Verde Road |
|---|---|

| CITY: Castaic | STATE: CA | ZIP CODE: 91384 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __CENTRAL__ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: __06/19/2024__                   _Jackie Krueger_

                                                      (SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

**What is ADR?**
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

**Advantages of ADR**
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR**
1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

> **Mediation may be appropriate when the parties**
> - want to work out a solution but need help from a neutral person.
> - have communication problems or strong emotions that interfere with resolution.
>
> **Mediation may not be appropriate when the parties**
> - want a public trial and want a judge or jury to decide the outcome.
> - lack equal bargaining power or have a history of physical/emotional abuse.

### How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:               FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)
LASC Approved 04/11      **STIPULATION – EARLY ORGANIZATIONAL MEETING**
For Optional Use                                          Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

   i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.    The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
                (INSERT DATE)                      (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at **www.lacourt.org** under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.    The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____     ➤    _____
      (TYPE OR PRINT NAME)                     (ATTORNEY FOR PLAINTIFF)

Date:

_____     ➤    _____
      (TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤    _____
      (TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤    _____
      (TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤    _____
      (TYPE OR PRINT NAME)              (ATTORNEY FOR _____)

Date:

_____     ➤    _____
      (TYPE OR PRINT NAME)              (ATTORNEY FOR _____)

Date:

_____     ➤    _____
      (TYPE OR PRINT NAME)              (ATTORNEY FOR _____)

Print      Save      Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

    i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

    ii. Include a brief summary of the dispute and specify the relief requested; and

    iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

    i. Also be filed on the approved form (copy attached);

    ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Print    Save    Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                     FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

General Order Re                    )    ORDER PURSUANT TO CCP 1054(a),
Use of Voluntary Efficient Litigation )    EXTENDING TIME TO RESPOND BY
Stipulations                        )    30 DAYS WHEN PARTIES AGREE
                                    )    TO EARLY ORGANIZATIONAL
                                    )    MEETING STIPULATION
                                    )

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court

order.

DATED: _May 11, 2011_                _Carolyn B. Kuhl_

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By_____,Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING      )
FOR CIVIL                          )
                                   )
                                   )
                                   )
_____  )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

1    e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a

2        person or entity that receives an electronic filing from a party for retransmission to the Court.

3        In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an

4        agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

5    f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of

6        Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision

7        (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule

8        2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or

9        process attached to or logically associated with an electronic record and executed or adopted

10        by a person with the intent to sign the electronic record.

11    g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place

12        in a hypertext or hypermedia document to another in the same or different document.

13    h) **"Portable Document Format"**  A digital document format that preserves all fonts,

14        formatting, colors and graphics of the original source document, regardless of the application

15        platform used.

16  2) MANDATORY ELECTRONIC FILING

17    a) Trial Court Records

18        Pursuant to Government Code section 68150, trial court records may be created, maintained,

19        and preserved in electronic format.  Any document that the Court receives electronically must

20        be clerically processed and must satisfy all legal filing requirements in order to be filed as an

21        official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

22    b) Represented Litigants

23        Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to

24        electronically file documents with the Court through an approved EFSP.

25    c) Public Notice

26        The Court has issued a Public Notice with effective dates the Court required parties to

27        electronically file documents through one or more approved EFSPs.  Public Notices containing

28        effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

   a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

   b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

   a) The following documents shall not be filed electronically:

      i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

      ii) Bonds/Undertaking documents;

      iii) Trial and Evidentiary Hearing Exhibits

      iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

      v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

   b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

1    h) Writs and Abstracts

2    Writs and Abstracts must be submitted as a separate electronic envelope.

3    i) Sealed Documents

4    If and when a judicial officer orders documents to be filed under seal, those documents must be

5    filed electronically (unless exempted under paragraph 4); the burden of accurately designating

6    the documents as sealed at the time of electronic submission is the submitting party's

7    responsibility.

8    j) Redaction

9    Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to

10    redact confidential information (such as using initials for names of minors, using the last four

11    digits of a social security number, and using the year for date of birth) so that the information

12    shall not be publicly displayed.

13    7) ELECTRONIC FILING SCHEDULE

14    a) Filed Date

15    i) Any document received electronically by the court between 12:00 am and 11:59:59 pm

16    shall be deemed to have been effectively filed on that court day if accepted for filing.  Any

17    document received electronically on a non-court day, is deemed to have been effectively

18    filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code

19    Civ. Proc. § 1010.6(b)(3).)

20    ii) Notwithstanding any other provision of this order, if a digital document is not filed in due

21    course because of:  (1) an interruption in service; (2) a transmission error that is not the

22    fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may

23    order, either on its own motion or by noticed motion submitted with a declaration for Court

24    consideration, that the document be deemed filed and/or that the document's filing date

25    conform to the attempted transmission date.

26    8) EX PARTE APPLICATIONS

27    a) Ex parte applications and all documents in support thereof must be electronically filed no later

28    than 10:00 a.m. the court day before the ex parte hearing.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1  11) SIGNATURES ON ELECTRONIC FILING

2      For purposes of this General Order, all electronic filings must be in compliance with California

3      Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4      Division of the Los Angeles County Superior Court.

5

6          This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10  DATED: May 3, 2019

        KEVIN C. BRAZILE
        Presiding Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7



# Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# EXHIBIT D

BA20230754631



## STATE OF CALIFORNIA
*Office of the Secretary of State*
## STATEMENT OF INFORMATION
## LIMITED LIABILITY COMPANY

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: BA20230754631 |
| Date Filed: 5/8/2023 |

| Entity Details | |
| --- | --- |
| Limited Liability Company Name | CHIQUITA CANYON, LLC |
| Entity No. | 199829610052 |
| Formed In | DELAWARE |

| Street Address of Principal Office of LLC | |
| --- | --- |
| Principal Address | 3 WATERWAY SQUARE PL #110<br>THE WOODLANDS, TX 77380 |

| Mailing Address of LLC | |
| --- | --- |
| Mailing Address | 3 WATERWAY SQUARE PL #110<br>THE WOODLANDS, TX 77380 |
| Attention | |

| Street Address of California Office of LLC | |
| --- | --- |
| Street Address of California Office | 29201 HENRY MAYO DR<br>CASTAIC, CA 91384 |

### Manager(s) or Member(s)

| Manager or Member Name | Manager or Member Address |
| --- | --- |
| CHIQUITA CANYON, INC. | 3 WATERWAY SQUARE PL #110<br>THE WOODLANDS, TX 77380 |
| ➕ RONALD J MITTELSTAEDT | 3 WATERWAY SQUARE PLACE STE 110<br>THE WOODLANDS, TX 77380 |

| Agent for Service of Process | |
| --- | --- |
| California Registered Corporate Agent (1505) | CSC - LAWYERS INCORPORATING SERVICE<br>Registered Corporate 1505 Agent |

| Type of Business | |
| --- | --- |
| Type of Business | SOLID WASTE MANAGEMENT |

| Email Notifications | |
| --- | --- |
| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

### Chief Executive Officer (CEO)

| CEO Name | CEO Address |
| --- | --- |
| None Entered | |

### Labor Judgment

No Manager or Member, as further defined by California Corporations Code section 17702.09(a)(8), has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal is pending, for the violation of any wage order or provision of the Labor Code.

B1735-9802  05/08/2023  1:21 PM Received by California Secretary of State

Electronic Signature

☒  By signing, I affirm under penalty of perjury that the information herein is true and correct and that I am authorized by California law to sign.

*Patrick Shea*
Signature

*05/08/2023*
Date

B1735-9803 05/08/2023 1:21 PM Received by California Secretary of State

# EXHIBIT E



BA20231908096



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION**
**CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: BA20231908096 |
| Date Filed: 12/19/2023 |

B2344-8494  12/19/2023  9:07 AM Received by California Secretary of State

---

**Entity Details**

| | |
| --- | --- |
| Corporation Name | CHIQUITA CANYON, INC. |
| Entity No. | 3189900 |
| Formed In | DELAWARE |

**Street Address of Principal Office of Corporation**

| | |
| --- | --- |
| Principal Address | 3 WATERWAY SQUARE PLACE, SUITE 110<br>THE WOODLANDS, TX 77380 |

**Mailing Address of Corporation**

| | |
| --- | --- |
| Mailing Address | 3 WATERWAY SQUARE PLACE, SUITE 110<br>THE WOODLANDS, TX 77380 |
| Attention | |

**Street Address of California Office of Corporation**

| | |
| --- | --- |
| Street Address of California Office | None |

**Officers**

| Officer Name | Officer Address | Position(s) |
| --- | --- | --- |
| RONALD J MITTELSTAEDT | 3 WATERWAY SQUARE PLACE STE 110<br>THE WOODLANDS, TX 77380 | Chief Executive Officer |
| Patrick Shea | 3 Waterway Square Place, Suite 110<br>The Woodlands, TX 77380 | Secretary |
| Mary Anne Whitney | 3 Waterway Square Place, Suite 110<br>The Woodlands, TX 77380 | Chief Financial Officer |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
| --- | --- | --- | --- |
| None Entered | | | |

**Agent for Service of Process**

| | |
| --- | --- |
| California Registered Corporate Agent (1505) | CSC - LAWYERS INCORPORATING SERVICE<br>Registered Corporate 1505 Agent |

**Type of Business**

| | |
| --- | --- |
| Type of Business | WASTE MANAGEMENT |

**Email Notifications**

| | |
| --- | --- |
| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

**Labor Judgment**

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

Electronic Signature

☒  By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*Patrick Shea*
Signature

*12/19/2023*
Date

B2344-8495 12/19/2023 9:07 AM Received by California Secretary of State

EXHIBIT F

 
BA20230761368



## STATE OF CALIFORNIA
*Office of the Secretary of State*
## STATEMENT OF INFORMATION
## CORPORATION
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

<table>
<tr><td colspan="2">For Office Use Only</td></tr>
<tr><td colspan="2" align="center"><b>-FILED-</b></td></tr>
<tr><td>File No.: BA20230761368</td></tr>
<tr><td>Date Filed: 5/9/2023</td></tr>
</table>

---

**Entity Details**

| | |
|---|---|
| Corporation Name | WASTE CONNECTIONS US, INC. |
| Entity No. | 2057420 |
| Formed In | DELAWARE |

**Street Address of Principal Office of Corporation**

| | |
|---|---|
| Principal Address | 3 WATERWAY SQUARE PLACE<br>SUITE 110<br>THE WOODLANDS, TX 77380 |

**Mailing Address of Corporation**

| | |
|---|---|
| Mailing Address | 3 WATERWAY SQUARE PLACE<br>SUITE 110<br>THE WOODLANDS, TX 77380 |
| Attention | |

**Street Address of California Office of Corporation**

| | |
|---|---|
| Street Address of California Office | 3 WATERWAY SQUARE PLACE<br>SUITE 110<br>THE WOODLANDS, CA 77380 |

**Officers**

| Officer Name | Officer Address | Position(s) |
|---|---|---|
| PATRICK SHEA | 3 WATERWAY SQUARE PLACE<br>SUITE 110<br>THE WOODLANDS, TX 77380 | Secretary |
| MARY ANNE WHITNEY | 3 WATERWAY SQUARE PLACE<br>SUITE 110<br>THE WOODLANDS, TX 77380 | Chief Financial Officer |
| ➕ Ronald J Mittelstaedt | 3 WATERWAY SQUARE PLACE #110<br>THE WOODLANDS, TX 77380 | Chief Executive Officer |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
|---|---|---|---|
| | | None Entered | |

**Agent for Service of Process**

| | |
|---|---|
| California Registered Corporate Agent (1505) | CSC - LAWYERS INCORPORATING SERVICE<br>Registered Corporate 1505 Agent |

**Type of Business**

| | |
|---|---|
| Type of Business | SOLID WASTE MANAGEMENT |

**Email Notifications**

| | |
|---|---|
| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

**Labor Judgment**

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

Electronic Signature

☒  By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*Patrick Shea*

Signature

*05/09/2023*

Date

B1739-5157 05/09/2023 11:58 AM Received by California Secretary of State